Submitted November 8, 2010, affirmed December 8, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSE DAMASO PENA, JR.,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR080124, CR070491;
A139776 (Control), A139777

243 P3d 1218

David J. Celuch filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

This is a criminal case in which defendant appeals the trial court's judgment convicting him of second-degree kidnapping, ORS 163.225, four counts of third-degree sexual abuse, ORS 163.415, and tampering with a witness, ORS 162.285. On appeal, defendant makes two assignments of error. First, he assigns error to the trial court's denial of his motion for judgment of acquittal on the third-degree sexual abuse counts. We reject that assignment without discussion. Second, he assigns error to the trial court's denial of his request for jury instructions on attempted third-degree sexual abuse. For the reasons that follow, we conclude that that assignment is unreviewable. Accordingly, we affirm.

The relevant facts are procedural. At trial, defendant requested that, on each of the third-degree sexual abuse counts, the trial court also instruct the jury on attempted third-degree sexual abuse.[1] The trial court refused defendant's request. After the trial court instructed the jury, defendant did not take exception to the trial court's refusal to give his requested instructions.

On appeal, defendant argues that the trial court was required to give his requested instructions because, as ORS 136.465 provides, "[i]n all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument *or of an attempt to commit such*

---

[1] Defendant requested the following instruction on count 2:

"The charged crime of SEXUAL ABUSE 3, COUNT 2, has as a lesser included offense the crime of ATTEMPTED SEXUAL ABUSE 3,

"To establish the lesser included offense of ATTEMPTED SEXUAL ABUSE 3, the state must prove beyond a reasonable doubt each of the following material elements:

"(1) The act occurred in Yamhill County, Oregon;

"(2) The act occurred on or about October 13, 2008.

"(3) [Defendant] knowingly attempted to subject [the victim] to sexual contact, to wit, by attempting to touch her vaginal area.

"(4) [The victim] is incapable of consent by reason of being under 18 years of age."

Defendant requested the same instruction for counts 3, 4, and 5, specifying the body parts alleged in those counts.

*crime.*" (Emphasis added.) In response, the state "does not dispute defendant's underlying point: *i.e.*, that, under ORS 136.465, it would have been appropriate to instruct the jury on the elements of attempted third-degree sexual abuse," but the state argues that we should not reach defendant's argument because it is unreviewable. Specifically, the state argues that defendant did not take exception to the trial court's failure to give the instruction, as required by ORCP 59 H(1),[2] which provides, in part:

> "A party may not obtain review on appeal of an asserted error by a trial court * * * in giving or refusing to give an instruction to a jury unless the party who seeks to appeal identified the asserted error to the trial court *and made a notation of exception immediately after the court instructed the jury.*"

(Emphasis added.) As noted, defendant did not take exception to the trial court's failure to give his requested instruction after the trial court instructed the jury. Therefore, under ORCP 59 H(1), we cannot review defendant's claim that the trial court's failure to give the instruction was error. *See, e.g., State v. Guardipee*, 239 Or App 44, 243 P3d 149 (2010).

Affirmed.

---

[2] ORCP 59 H(1) applies in criminal trials under ORS 136.330(2).