Submitted January 17, affirmed October 30, 2013, petition for review denied March 27, 2014 (355 Or 142)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NICHOLAS BOYD TIDWELL,
aka Nicolas Boyd Tidwell,
*Defendant-Appellant.*

Washington County Circuit Court
D081215M, D093854T, D100678T;
A145581 (Control), A145582, A145583

313 P3d 345

Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Mary H. Williams, Deputy Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Nakamoto, Judge, and De Muniz, Senior Judge.

ORTEGA, P. J.

De Muniz, S. J., dissenting.

**ORTEGA, P. J.**

In this consolidated criminal appeal, defendant challenges the trial court's denial of his motion to sever two previously consolidated cases for trial. Defendant was separately charged with two counts of driving under the influence of intoxicants (DUII), ORS 813.010, based on incidents that occurred seven months apart. After the court granted the state's motion to consolidate the two cases, defendant moved to sever for separate trials. The trial court denied that motion, and a jury convicted defendant on both counts. Defendant seeks reversal of his DUII convictions and a remand for separate trials of the DUII counts. We affirm.[1]

ORS 132.560 controls the resolution of this appeal. In pertinent part, it provides:

"(1) A charging instrument must charge but one offense, and in one form only, except that:

"* * * * *

"(b) Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A) Of the same or similar character;

"* * * * *

"(2) If two or more charging instruments are found in circumstances described in subsection (1)(b) of this section, the court may order them to be consolidated.

"(3) If it appears, upon motion, that the state or defendant is substantially prejudiced by a joinder of offenses under subsection (1) or (2) of this section, the court may order an election or separate trials of counts or provide whatever other relief justice requires."

The relevant facts in this case are minimal and mainly procedural. In separate charging instruments, the

---

[1] This consolidated appeal also includes defendant's appeal of a judgment revoking his probation in a case where he was convicted of second-degree criminal mischief, ORS 164.354. The court revoked defendant's probation because of his convictions for DUII. He appeals the revocation judgment, contending that the court improperly revoked his probation based on the erroneous DUII convictions. Given that we affirm defendant's convictions for DUII, the judgment revoking his probation is necessarily also affirmed.

state charged defendant with two counts of DUII, based on incidents that occurred on July 22, 2009, and February 2, 2010. The state moved to consolidate the cases, in part because they were "[o]f the same or similar character." *See* ORS 132.560(1)(b)(A). After the court granted the state's motion, defendant moved to sever the cases for separate trials, arguing that trying them together would substantially prejudice defendant. Specifically, defendant asserted that he would be substantially prejudiced because (1) he could be "confounded in presenting separate defenses"; (2) the jury could use evidence of one of the crimes to infer criminal disposition in the other; (3) the jury could "cumulate the evidence of the separate crimes charged and find guilt when, if considered separately, it would not so find"; (4) defendant "may wish to testify in one case and not the other"; and (5) prejudice could arise when the evidence of one case is so weak or strong "that [its] primary usefulness is to support the state's case as to the other charge." At the hearing on the motion to sever, defendant reiterated his general concerns, and explained his apprehension that, in this particular case, the only purpose of trying the cases together was that one case was weaker than the other, and thus, the state would bolster the weaker case with the evidence in the stronger case.

The court denied defendant's motion, concluding that the counts involved crimes of the same or similar character, and that the jury could be effectively instructed to consider the evidence separately and decide each case on its merits. Subsequently, a jury convicted defendant on both counts of DUII.

We review the trial court's determination that defendant failed to demonstrate the existence of substantial prejudice under ORS 132.560(3) for errors of law. *State v. Dimmick*, 248 Or App 167, 178, 273 P3d 212 (2012). "Whether the joinder of charges substantially prejudiced a particular defendant involves a case-specific assessment of the charges and the facts alleged to support them." *Id.* "The mere assertion that evidence relating to some charges will influence the jury's consideration of other charges is insufficient." *Id.* Moreover, a defendant must explain "what specific prejudice arose from the joinder of [the] charges." *State v. Barone*, 329

Or 210, 217, 986 P2d 5 (1999), *cert den*, 528 US 1086 (2000) (decided in context of a previous version of the statute that referred only to "prejudice"). General arguments of prejudice that could be made in any case in which charges are joined are not sufficient to demonstrate substantial prejudice when the defendant fails to relate those arguments to the specific facts of the defendant's case. *Id.*; *see also State v. Thompson*, 328 Or 248, 257, 971 P2d 879, *cert den*, 527 US 1042 (1999) (the defendant failed to show prejudice when he failed to make arguments based on the facts of his case). In addition, and of particular importance to this case, if the evidence pertaining to the separate charges is "mutually admissible in separate trials or is sufficiently simple and distinct to mitigate the dangers created by joinder, substantial prejudice has not been established." *Dimmick*, 248 Or App at 178. Finally, the probable effectiveness of limiting instructions to the jury is relevant to whether the defendant has established substantial prejudice. *Id.*

On appeal, defendant asserts that the evidence specific to each incident of DUII would not have been mutually admissible in a trial for the other. He contends that, because he did not receive separate trials on each, the jury was allowed to hear "double the damaging evidence against defendant" and that evidence admitted in one case would have improperly influenced the jurors in their deliberation of the other case. Defendant also lists a number of negative inferences that the jury could have made against him as a result of having evidence of both counts in a single trial.

Defendant's assignment of error fails even if we assume that the evidence in each case was not mutually admissible in the other. That is so because the evidence in the DUII cases was "sufficiently simple and distinct to mitigate the dangers created by joinder," particularly when considered in conjunction with the probable effectiveness of limiting instructions to the jury. Both charges involved discrete incidents on separate days, and the evidence in each case was uncomplicated and supported by separate witnesses. Moreover, the trial court concluded that any potential prejudice could be mitigated by a limiting instruction to consider the evidence separately and to decide each case on its merits. Given that we generally assume that jurors follow

instructions, "absent an overwhelming probability that they would be unable to do so[,]" *State v. Smith*, 310 Or 1, 26, 791 P2d 836 (1990), there is ample support for the trial court's determination that defendant failed to establish substantial prejudice. *See Dimmick*, 248 Or App at 179 (the defendant failed to demonstrate substantial prejudice when evidence involving four counts of unlawful delivery of methamphetamine based on four discrete incidents on four different days was sufficiently simple and distinct to mitigate the dangers created by joinder—particularly in light of the probable effectiveness of a jury instruction).

We are mindful of the concerns expressed by the dissent regarding how the trial actually played out in this case, given that the court did not give the precise limiting instructions to the jury that it had earlier anticipated would mitigate some of the dangers created by trying the two charges together. Nevertheless, our task is to evaluate the record at the time of the court's ruling on defendant's motion to sever.[2] In making that ruling, the court did not err.

Affirmed.

**DE MUNIZ, S. J.,** dissenting.

The majority in this case has correctly interpreted and applied the case law from this court. However, as my analysis of the complete record reveals, this court's case law, focusing only on the pretrial record, is not adequate to ensure that a defendant, subject to joinder, has received a fair trial. In this case, the fair trial protections mentioned by the trial court in denying defendant's motion to sever were never realized at trial.

ORS 132.560 provides, in pertinent part:

"(1)  A charging instrument must charge but one offense, and in one form only, except that:

"* * * * *

---

[2] We note that defendant did not take exception to the jury instructions and did not assign error to the trial court's jury instructions. *See State v. Pena*, 239 Or App 356, 359, 243 P3d 1218 (2010) (the defendant's failure to take exception to trial court's failure to give jury instruction rendered the issue unreviewable on appeal).

"(b)  Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A)  Of the same or similar character;

"(B)  Based on the same act or transaction; or

"(C)  Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"* * * * *

"(3)  If it appears, upon motion that the state or defendant is *substantially prejudiced* by a joinder of offenses under subsection (1) or (2) of this section, the court may order an election or separate trials of counts or provide whatever other relief justice requires."

(Emphasis added.)

In his pretrial motion to sever, defendant contended that denying severance would frustrate his ability to present separate defenses; that he might wish to testify in one case and not the other; that a single jury hearing evidence for both charges could improperly use the evidence presented in both cases to "infer a criminal disposition"; that no evidence of the July incident would be admissible in the trial of the February incident and vice versa; and, finally, that the jury could cumulate the evidence of the separate crimes charged and find guilt when, if considered separately, it would not so find. The trial court denied defendant's motion, concluding that defendant would not be substantially prejudiced by consolidation of the two DUII charges and that any prejudice inherent in joinder would be cured by appropriate jury instructions.

Before 1989, a defendant's request to sever joined charges was allowed unless to do so was clearly improper. *State v. Boyd*, 271 Or 558, 569, 533 P2d 795 (1975). In 1989, the legislature enacted ORS 132.560(3), requiring that a defendant make a showing of "prejudice" to warrant severance. Or Laws 1989, ch 842, § 1. Ten years later, the legislature amended ORS 132.560(3) to require a defendant

to establish "substantial prejudice" to justify severance. Or Laws 1999, ch 1040, § 17.

Under ORS 132.560(3), determining whether the joinder of charges results in substantial prejudice to a defendant involves a case-specific assessment of the charges and the facts alleged to support them. *State v. Dimmick*, 248 Or App 167, 178, 273 P3d 212 (2012). The mere assertion that evidence relating to some charges will influence the jury's consideration of other charges is insufficient to establish substantial prejudice. *State v. Thompson*, 328 Or 248, 257, 971 P2d 879, *cert den*, 527 US 1042 (1999). Similarly, when evidence pertaining to the various charges would be mutually admissible in separate trials or is sufficiently simple and distinct to mitigate the dangers created by joinder, this court has concluded that substantial prejudice has not been established. *State v. Luers*, 211 Or App 34, 43, 153 P3d 688, *adh'd to as modified on recons*, 213 Or App 389, 160 P3d 1013 (2007). Also relevant is the probable effectiveness of limiting instructions given to the jury by the court. *State v. Staley*, 142 Or App 583, 589, 923 P2d 650 (1996), *rev den*, 324 Or 560 (1997). In analyzing questions of joinder and severance, the trial court must focus on "*any* circumstance" that impairs a defendant's right to a fair trial. *State v. Miller*, 327 Or 622, 633, 969 P2d 1006 (1998) (emphasis in original). The reviewing court must be able to determine from the record that the trial court engaged in the required prejudice analysis. *Luers*, 211 Or App at 44.

In ruling on defendant's motion in this case the trial court stated only that

> "[t]he juries are instructed to consider the evidence separately and decide each case on its own merits. And the case comes out of the same or similar crimes, and that means that the State is allowed to join them for the trial and that there is no substantial prejudice in doing that, and so these cases will remain joined for trial."

Under this court's case law, the majority's conclusion that defendant did little to support his motion to sever, and for that reason his assignment of error should be rejected, may be correct. Nevertheless, I would conclude that, even in light

of defendant's minimal showing in the pretrial hearing, the trial court failed to adequately analyze, address, or acknowledge each of the circumstances that defendant asserted would affect his right to a fair trial should the charges be tried together. Instead, the court simply concluded that jury instructions would be sufficient to mitigate any prejudice defendant would suffer from having the cases joined for trial. As an initial matter, the trial court's limited analysis of the issues raised by defendant at the severance hearing appears to have fallen short of the requirement established in *Miller*, 327 Or at 633.

In *State v. Barone*, 329 Or 210, 986 P2d 5 (1999), *cert den*, 528 US 1086 (2000), the court upheld the trial court's decision denying the defendant's motion to sever three homicides for which the defendant was indicted. However, the trial court in that case required that the prosecution "build a 'fire wall' between the three cases and to 'present the cases totally separately.'" *Id.* at 216. Prosecutors in *Barone* made three separate opening and closing arguments; each case was presented separately.

Here, however, the trial court did not require any of those protections at trial. Although the court opined that the jury instructions would protect defendant's right to a fair trial, the trial court record reveals that the court's conduct of the trial and the court's jury instructions did not do so. The court gave no warning to the jury regarding separate consideration of the charges in its precautionary instructions and did not instruct the jury at any time during the course of the trial that each charge and the evidence pertaining to it must be considered separately. The state presented one opening statement, one closing argument, and, at times, referenced both charges interchangeably.[1] For example, the state submitted two exhibits into evidence relating to the July incident, the first DUII charge, and immediately "call[ed] [its] next witness" relating to the February incident. Neither the prosecutor nor the trial judge informed the

---

[1] In closing argument, the prosecutor stated "[W]hat you have in this case, and in both cases, is the defendant admits to taking Vicodin. The defendant clearly consumed alcohol by his level of intoxication, the odors. And that defendant was impaired in both cases."

jury that this next phase of the trial pertained to the second DUII charge.[2]

In addition, the state presented defendant's similar statements about his use of Vicodin in both cases, permitting the jury to infer that defendant was a habitual user and therefore more likely to have been under the influence on both dates.

In sum, due to the similarity of that evidence and the trial court's failure to adequately instruct the jury, I would conclude that it is unlikely that the jury was able to separately consider the charges.

Finally, the state does not argue, as a justification for the joint trial that occurred here, that the evidence would be mutually admissible in separate trials. The state is correct not to advance that argument. In the July incident, defendant submitted to field sobriety tests and a breath test, whereas in the February incident, defendant submitted to neither. The state's witnesses were different for each case. Put simply, no permissible basis existed for the evidence from the July incident to be considered with regard to the February incident and vice versa.

Based on the foregoing, I would conclude that the trial court erred when it failed to engage in the case-specific assessment of the charges and the facts alleged to support them as required under *Miller*, and by not properly instructing the jury that each charge and the evidence related to it must be considered separately. As a result, defendant suffered substantial prejudice that violated his right to a fair trial. I would reverse and remand for new trials on each count.

I, therefore, respectfully dissent.

---

[2] Instead, the court repeatedly referred to the charges as "the case."