Submitted May 29, 2013, affirmed March 26, petition for review denied October 2, 2014 (356 Or 397)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN DAVID ROELLE,
*Defendant-Appellant.*

Washington County Circuit Court
C102376CR; A147715

323 P3d 567

Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Brian Roelle filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Christina M. Hutchins, Senior Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Duncan, Judge, and Rasmussen, Judge pro tempore.

DUNCAN, J.

**DUNCAN, J.**

In a single indictment, the state charged defendant with two drug crimes and 16 person crimes. Defendant filed a motion to sever the drug-crime charges from the person-crime charges for separate trials. *See* ORS 132.560(3) (set out at 261 Or App at 707). The trial court denied the motion. A jury convicted defendant of the two drug crimes and three of the person crimes. Defendant appeals, assigning error to the trial court's denial of his motion to sever.[1] We affirm.

The relevant facts are few, and we state them in accordance with the trial court's findings, which are supported by the record. *State v. Dimmick*, 248 Or App 167, 169, 273 P3d 212 (2012). Around 9:15 a.m. on July 16, 2010, defendant's domestic partner, Brown, told a police officer that defendant had abused her earlier that morning. Around 6:00 p.m., an officer arrested defendant. At 6:30 p.m., Brown accompanied officers to the house that she and defendant shared, and gave the officers permission to enter and search the house. During the search, the officers seized a large amount of marijuana from the residence.

Thereafter, in a single indictment, the state charged defendant with the two drug crimes, based on the marijuana found in the house on July 16, 2010, and the 16 person crimes, based on Brown's statements that defendant had abused her early in the morning on July 16, 2010, and on two prior dates—*viz.*, July 4, 2010, and an unspecified date in December 2008.[2] As mentioned, defendant moved to sever

_____

[1] In a supplemental *pro se* brief, defendant raises four additional assignments of error. We reject those assignments without discussion.

[2] The following six charges related to the events of July 16, 2010: felony assault in the fourth degree (Count 1), strangulation (Count 2), coercion (Count 3), interference with making a report (Count 4), unlawful delivery of marijuana for consideration (Count 5), and unlawful possession of marijuana (Count 6). The following eight charges related to the events of July 4, 2010: attempted assault in the second degree (Count 7), unlawful use of a weapon (Count 8), menacing (Count 9), rape in the first degree (Count 10), sodomy in the first degree (Counts 11 and 12), sexual abuse in the first degree (Count 13), and sexual abuse in the second degree (Count 14). And, the following four charges related to the events of December 2008: felony assault in the fourth degree (Count 15), assault in the fourth degree (Count 16), strangulation (Count 17), and unlawful use of a weapon (Count 18). Defendant was convicted of Counts 1, 5, 6, 14, and 16.

the drug-crime charges from the person-crime charges. The trial court denied the motion, and defendant appeals that denial.

Joinder and severance of criminal charges are governed by ORS 132.560, which provides, in pertinent part:

"(1)  A charging instrument must charge but one offense, and in one form only, except that:

"* * * * *

"(b)  Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A)  Of the same or similar character;

"(B)  Based on the same act or transaction; or

"(C)  Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"* * * * *

"(3)  If it appears, upon motion, that the state or defendant is *substantially prejudiced* by a joinder of offenses under subsection (1) or (2) of this section, the court may order an election or separate trials of counts or provide whatever other relief justice requires."

(Emphasis added.) On appeal, defendant argues that the trial court erred in denying his motion to sever because he showed, as required by ORS 132.560(3), that "he was 'substantially prejudiced' by the consolidation."[3]

---

[3] In the trial court, defendant argued briefly that the drug crimes and person crimes should not have been charged in a single indictment because they did not satisfy the requirements for joinder under ORS 132.560(1), in that they were not "of the same or similar character," "part of the same act or transaction," or "parts of a common scheme or plan." Although defendant renews that argument on appeal, he does not argue that the trial court's rejection of it below constitutes reversible error.

Defendant also argued in the trial court that trying the drug charges and person-crime charges together would violate his jury trial rights under both Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution. Defendant does not renew his constitutional arguments on appeal.

We review a trial court's determination that a defendant failed to establish the existence of substantial prejudice under ORS 132.560(3) for errors of law. *State v. Thompson*, 328 Or 248, 256-57, 971 P2d 879, *cert den*, 527 US 1042 (1999) (interpreting ORS 132.560 (1993), *amended by* Or Laws 1999, ch 1040, § 17, which required a showing of "prejudice"); *State v. Tidwell*, 259 Or App 152, 154, 313 P3d 345 (2013). "Whether the joinder of charges substantially prejudiced a particular defendant involves a case-specific assessment of the charges and the facts alleged to support them." *Dimmick*, 248 Or App at 178. "The mere assertion that evidence relating to some charges will influence the jury's consideration of other charges is insufficient." *Id.* If the evidence supporting the various charges "would be mutually admissible in separate trials or is sufficiently simple and distinct to mitigate the dangers created by joinder, substantial prejudice has not been established." *State v. Luers*, 211 Or App 34, 43-44, 153 P3d 688, *adh'd to as modified on recons*, 213 Or App 389, 160 P3d 1013 (2007).

Because it is dispositive, we begin with the question of whether the evidence relating to the drug-crime charges and the person-crime charges in this case was "sufficiently simple and distinct to mitigate the dangers created by joinder[.]" *Id.* We have held that evidence in support of different charges was "sufficiently simple and distinct" when, for example, the charges were based on discrete incidents that occurred on different days. *Dimmick*, 248 Or App at 178-79 (permitting joint trial on drug charges that were based on four different incidents where the evidence in support of the charges was "sufficiently simple and distinct"); *see also Tidwell*, 259 Or App at 155 (affirming trial court's denial of the defendant's motion to sever two driving under the influence of intoxicants charges where the charges were based on "discrete incidents on separate days, and the evidence in each case was uncomplicated and supported by separate witnesses"); *State v. Norkeveck*, 214 Or App 553, 560-61, 168 P3d 265 (2007), *rev den*, 344 Or 558 (2008) (affirming trial court's denial of the defendant's motion to sever charges relating to possession of child pornography from charges relating to sexual conduct with a minor because the evidence supporting the different charges was "sufficiently

simple and distinct [such] that the trier of fact would have been able to separately consider the charges").

In this case, the state argues that at least some of the evidence relating to the two different types of crimes was mutually admissible but, even if it was not, the evidence supporting the drug-crime charges was "sufficiently simple and distinct" from that supporting the person-crime charges that "the jury would have had no problem considering the charges separately." Defendant does not respond to the state's alternative argument. His only argument is that the evidence of the two different types of crimes was not mutually admissible.

We agree with the state's alternative argument that the evidence supporting the drug-crime charges was sufficiently simple and distinct from the evidence of the person-crime charges to mitigate the dangers created by joinder. The drug-crime charges were based on evidence that defendant possessed a large amount of marijuana on July 16, 2010. The questions before the jury regarding the drug crimes were simple and separate from the questions regarding the person crimes, even though the drug crimes were alleged to have occurred on the same day as some of the person crimes. As defendant himself acknowledges,

> "Most of the testimony regarding the marijuana would have been about the events after 6:30 p.m. on July 16, 2010, when the search of the house * * * occurred. There would have been no temporal overlap with that evidence and the abuse evidence, the latest instance of which happened in the early morning of that date."

Because the jury could easily separate its assessment of whether defendant was guilty of the drug crimes from its assessment of whether defendant was guilty of the person crimes, we conclude that defendant did not establish, as required to secure severance under ORS 132.560(3), that he was substantially prejudiced by the joinder of the charges.

Affirmed.