Submitted September 30, 2014, affirmed August 12, 2015, petition for review denied February 18, 2016 (358 Or 611)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

IAN MICHAEL WILLIAMS,
*Defendant-Appellant.*

Lincoln County Circuit Court
104249; A150680

358 P3d 299

Peter Gartlan, Chief Defender, and Jedediah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael J. Slauson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

GARRETT, J.

**GARRETT, J.**

Defendant was convicted of one count of sexual abuse in the second degree, ORS 163.425, one count of sexual abuse in the third degree, ORS 163.415, and one count of rape in the first degree, ORS 163.375. On appeal, defendant raises five assignments of error. We reject four of those assignments without further discussion and write only to address the first assignment of error, which contends that the trial court erred in denying defendant's motion to sever the charges for trial. For the reasons that follow, we conclude that the trial court did not err, and we affirm.

Defendant was charged in a single indictment with 11 different crimes against four victims, including, as pertinent on appeal, crimes against K and J that took place separately, several months apart, in different locations. Before trial, defendant filed a motion to sever pursuant to ORS 132.560. In his written motion, defendant argued, *inter alia*, that he would be substantially prejudiced by joinder because there was no "mutually admissible" evidence regarding the charges pertaining to K and J. The state responded that the evidence of defendant's abuse of one of the victims would, in fact, be relevant as to the other victim. At the hearing on defendant's motion, defendant acknowledged that the charges involved the "same class of victim" and that he would be "hard-pressed to argue that [the criteria under ORS 132.560 haven't] been met." The trial court denied the motion. On appeal, defendant argues that the evidence pertinent to K was "not cross-admissible for any purpose" as to the charges regarding J, and vice versa.

We conclude that the trial court did not err in denying defendant's motion to sever his charges for trial. "Under ORS 132.560(3), charging instruments that have been consolidated may be severed upon motion if the defendant is 'substantially prejudiced by a joinder of offenses.'" *State v. Gensler*, 266 Or App 1, 8, 337 P3d 890 (2014), *rev den*, 356 Or 690 (2015) (quoting statute). We review for legal error the trial court's determination that defendant failed to demonstrate "substantial prejudice." *State v. Luers*, 211 Or App 34, 43, 153 P3d 688, *adh'd to as modified on recons*, 213 Or App 389, 160 P3d 1013 (2007) (brackets omitted).

The trial court's ultimate decision whether to sever charges, as opposed to ordering some other remedy, is reviewed for abuse of discretion. *State v. Miller*, 327 Or 622, 629, 969 P2d 1006 (1998). We conduct our review based on the record at the time of the court's ruling on the motion to sever. *State v. Tidwell*, 259 Or App 152, 156, 313 P3d 345 (2013).

Here, even assuming that defendant is correct that the evidence of his conduct as to one victim was not cross-admissible concerning the other victim, that circumstance is insufficient to establish substantial prejudice resulting from joinder. *Miller*, 327 Or at 631 ("[T]he question of prejudice under ORS 132.560(3) is separate from, and is not necessarily controlled by, the question of the admissibility of other crimes."). We have repeatedly affirmed trial courts' denials of motions to sever offenses, notwithstanding mutual inadmissibility of evidence, where the evidence in each case was "sufficiently simple and distinct to mitigate the dangers created by joinder." *Gensler*, 266 Or App at 9 (reasoning that the charges "arose from different incidents that occurred at different times and places and involved different victims") (quoting *State v. Dimmick*, 248 Or App 167, 179, 273 P3d 212 (2012)); *Tidwell*, 259 Or App at 155 ("Both charges involved discrete incidents on separate days, and the evidence in each case was uncomplicated and supported by separate witnesses."); *Dimmick*, 248 Or App at 169-71 (four incidents on four different days).

The record before the trial court at the time of the motion to sever indicated that defendant was charged with sex crimes against different victims, in different locations, with distinct factual scenarios, that were separated by several months. Under those circumstances, the allegations pertinent to each charge were "sufficiently simple and distinct" so that the trial court could permissibly conclude that defendant would not be substantially prejudiced by joinder. *Gensler*, 266 Or App at 9; *Tidwell*, 259 Or App at 155.

Defendant further contends that he suffered substantial prejudice because the trial court did nothing to "mitigate" the prejudice he suffered as a result of the joinder of his criminal charges. The record does not indicate, however, that defendant ever requested a limiting instruction, nor

does defendant cite any authority to the effect that the trial court was obliged *sua sponte* to issue such an instruction.

For the foregoing reasons, the trial court did not err in denying defendant's motion to sever.

Affirmed.