STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEREMY KANE TURNER,
aka Odin Kane Dragonwulf,
*Defendant-Appellant.*

Marion County Circuit Court
12C45805; A155760

359 P3d 1240

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Garrett, Judge, and Schuman, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted on 17 counts, most of which concerned the sexual abuse of multiple victims. Defendant appeals, arguing that the trial court erred by (1) denying his motion to sever the charges against him and (2) ordering him to pay $8,000 in court-appointed attorney fees. We affirm the trial court's denial of his motion to sever and reverse the attorney fee order.

As to defendant's challenge to the trial court's denial of his motion to sever, defendant was charged with sex crimes against multiple victims ranging greatly in their age and relationship to defendant, and the charged events involved distinct dates, locations, and behaviors. He was also charged with crimes unrelated to sexual abuse as to one of the victims. Defendant's principal argument on appeal is that the trial court erred in not severing the charges because the evidence of crimes against various victims was not mutually admissible.[1] We have rejected that argument in previous cases where the record indicated that the evidence of multiple crimes against different victims was "sufficiently simple and distinct to mitigate the dangers created by joinder." *State v. Williams*, 272 Or App 770, 772, 358 P3d 299 (2015) (quoting *State v. Gensler*, 266 Or App 1, 9, 337 P3d 890 (2014), *rev den*, 356 Or 690 (2015)); *see also State v. Tidwell*, 259 Or App 152, 155, 313 P3d 345 (2013); *State v. Dimmick*, 248 Or App 167, 179, 273 P3d 212 (2012). Because the allegations against defendant concerned different victims, times, and locations, we reach the same conclusion here, despite the fact that the charges against defendant included some crimes other than sex crimes. *See State v. Roelle*, 261 Or App 705, 709, 323 P3d 567, *rev den*, 356 Or 397 (2014) (trial court did not err in joining defendant's drug crimes with crimes against persons where evidence was sufficiently simple and distinct).

Defendant also assigns error to the trial court's imposition of court-appointed attorney fees, arguing that it was plain error to order defendant to pay $8,000 in fees in

---

[1] We reject as unpreserved defendant's argument that the joinder of his charges deprived him of a constitutional right to a fair trial.

the absence of any evidence that he has the ability to pay them. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) (same). The state concedes the error, and we accept the concession. *See State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that a trial court commits plain error by imposing court-appointed attorney fees where the record is silent as to the defendant's ability to pay the fees). For similar reasons to those articulated in *Coverstone*, we conclude that it is appropriate to exercise our discretion to correct the error.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.