Submitted November 24, 2015, affirmed August 31, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

v.

## RONALD WAYNE BUYES,
*Defendant-Appellant.*

Washington County Circuit Court
C130358CR; A156338

382 P3d 562

D. Charles Bailey, Jr., Judge.

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael S. Shin, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and Garrett, Judge.

GARRETT, J.

Defendant appeals a judgment of conviction for two counts of first-degree sodomy, ORS 163.405, and three counts of first-degree sex abuse, ORS 163.427. The offenses charged in the indictment involved conduct against one victim (defendant's nephew) in the 1990s and conduct against a second victim (another nephew of defendant) more than a decade later. On appeal, defendant raises two assignments of error. In the first assignment, defendant contends that the trial court should have granted his motion to sever the charges related to each victim. In the second assignment, defendant argues that the court should have allowed him to waive his right to a jury trial on only some of the counts. We conclude that defendant's basis for that contention— that the trial court improperly weighed factors relating to judicial economy—was not preserved because he failed to object to the trial court's ruling on that basis, nor did he offer any arguments as to why the court's analysis was incorrect. Defendant does not raise a plain error argument on appeal. Accordingly, we decline to further address the second assignment of error. As to the motion to sever, we affirm for the reasons explained below.

We limit our review to the state of the record at the time of the court's ruling on the motion to sever. *State v. Tidwell*, 259 Or App 152, 156, 313 P3d 345 (2013), *rev den*, 355 Or 142 (2014). Counts 1 through 4 concerned nephew K when K was between the ages of 11 or 12 and 14. Count 1 (sodomy) alleged that defendant engaged in "deviate sexual intercourse" with K in October 1995. Count 2 (sex abuse) alleged that defendant subjected K to sexual contact by "touching [his] penis, sexual or intimate part" in October 1995. Counts 3 and 4 (also sex abuse) repeated the same allegation as Count 2 but for October 1997, two years later.

Counts 5 through 7 concerned nephew J, when J was 14 and 15 years old. Count 5 (sodomy) alleged that defendant subjected J to "deviate sexual intercourse" in April 2011 and that J was "incapable of consent by reason of physical helplessness." Count 6 (sex abuse) alleged that defendant subjected J to sexual contact, by way of forcible compulsion, by "touching his penis, a sexual or intimate part" of J, in April

2012. Count 7 (also sex abuse) alleged that defendant subjected J to sexual contact by "touching his penis, a sexual or intimate part" of J and that J was "physical[ly] helpless," in April 2012.

Defendant moved to sever the counts relating to K from the counts relating to J. At a hearing on the motion, defendant argued that

"there's a risk of confusion of the issues, cross-contamination such that—that the jury won't be able to determine which evidence is admissible for which charge. Given that the DA just offered to the Court that he did intend to offer these as a cohesive theory and intertwine the evidence, I think that further supports the necessity for severance of the motions for severance of—of the two victims in this case. I think it's very likely a jury would get confused about what evidence they can consider for which victim, given the prosecution theory of the case and severance is critical for that reason."

The prosecutor argued that joinder was appropriate because the cases were "inextricably linked" in that both victims were defendant's nephews and were "similar victims" because they were "underage family members." The prosecutor noted the commonality of the alleged conduct toward both victims and the fact that the abuse of both victims had occurred at multiple locations over extended periods of time.

The trial court denied defendant's motion to sever, explaining:

"The Court finds that there are a lot of similarities between the two cases. There certainly is similar conduct, as far as the type of charges that have been charged as well. There are also—this—the chronological way in which the disclosure occurred makes one important for the other one as well. Secondly, they go to—there's information regarding the disclosure in one case and how it related to the other case.

"Clearly, they're similar in nature as to the potential groomings, *** the type of individuals, *** young males, and the fact that they were related as far as family members go and those sort of things. And so I think it's appropriate to keep the counts on the same charging instrument to present to the finder of fact."

At the close of trial, the court instructed the jury that evidence of crimes committed against K could not be considered in reaching a verdict on Counts 5 and 6 (the counts concerning J) "unless and until you independently conclude, without considering [that] evidence, that the physical acts described in Counts 5 through 6 actually happened."[1] The court also gave the obverse instruction, restricting the jury's ability to consider evidence of crimes against J in reaching its verdict on Counts 1 through 4.

The trial court also instructed the jury that at least 10 members had to agree on a verdict, and the verdict form included, for each count, a brief description of what charged conduct corresponded to each charge. The court explained to the jury that the purpose of those descriptions was to ensure that all jurors "know exactly what you are all agreeing to."

The jury convicted defendant on Counts 1 through 5 and acquitted him on Count 6.

On appeal, defendant argues that the trial court erred in denying his motion to sever because the charged offenses as to K and J were not of the "same or similar character" under ORS 132.560(1)(b)(A), and because he was substantially prejudiced by their joinder under ORS 132.560(3).

Joinder and severance of charges is governed by ORS 132.560, which "sets out circumstances in which multiple charges may or are required to be tried together and, conversely, when they may or must be tried separately." *State v. Dewhitt*, 276 Or App 373, 379, 368 P3d 27 (2016) (internal quotation marks omitted). ORS 132.560 provides, in relevant part:

"(1)   A charging instrument must charge but one offense, and in one form only, except that:

"* * * * *

"(b)   Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A)   Of the same or similar character;

---

[1] At the close of evidence, Count 7 was dismissed on the state's motion.

"(B)   Based on the same act or transaction; or

"(C)   Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"* * * * *

"(3)   If it appears, upon motion, that the state or defendant is substantially prejudiced by a joinder of offenses under subsection (1) or (2) of this section, the court may order an election or separate trials of counts or provide whatever other relief justice requires."

Accordingly, under the statute, permissive joinder requires that the court "first determine whether the charges meet any of the independently sufficient bases for joinder listed in ORS 132.560(1)(b)(A) to (C)." *Dewhitt*, 276 Or App at 380. That is, if the charges are of the same or similar character, based on the same act or transaction, or connected together as part of a common scheme or plan, they may be consolidated. *Id.* Whether the charging instruments were properly joined is a legal determination that we review for legal error. *Id.* (citing *State v. Thompson,* 328 Or 248, 256-57, 971 P2d 879, *cert den,* 527 US 1042 (1999)).

When charges are joined, either party may move the court to sever the charging instruments, under ORS 132.560(3), upon a showing that the party is "'substantially prejudiced by a joinder of offenses.'" *State v. Gensler,* 266 Or App 1, 8, 337 P3d 890 (2014), *rev den,* 356 Or 690 (2015) (quoting ORS 132.560(3)). "The party seeking severance of properly joined charges bears the burden of demonstrating that joinder will result in substantial prejudice." *State v. Crummett,* 274 Or App 618, 620, 361 P3d 644 (2015). The court "may then exercise discretion to order separate trials or 'whatever other relief justice requires.'" *Dewhitt*, 276 Or App at 380 (quoting *State v. Johnson,* 199 Or App 305, 314, 111 P3d 784, *rev den,* 339 Or 701 (2005)).

We review the trial court's determination that defendant failed to demonstrate "substantial prejudice" for legal error. *Crummett,* 274 Or App at 621.

Defendant contends that his offenses were not of "the same or similar character" under ORS 132.560(1)(b)(A).

We disagree. As the trial court concluded, his offenses were based on the patently "similar conduct" of targeting his young, male family members for sexual purposes. *See, e.g.,* *State v. Norkeveck*, 214 Or App 553, 560, 168 P3d 265 (2007), *rev den*, 344 Or 558 (2008) (joining cases after concluding that charged offenses were of similar character when one case involved sexual conduct against a 12-year-old girl and the other case involved encouraging child sexual abuse). The fact that defendant's charged offenses were separated by a number of years does not negate the "same or similar character" of defendant's conduct concerning both victims. *See, e. g., State v. Meyer*, 109 Or App 598, 603, 820 P2d 861 (1991), *rev den*, 312 Or 677 (1992) (defendant's five traffic offenses, which took place over the span of six years, were properly joined because all were "major traffic crimes occurring in the same county and involving defendant's driving").

We also conclude that defendant has failed to carry his burden of proving that he was substantially prejudiced by the denial of his motion to sever. We have long recognized that the possibility of prejudice exists, "at least in the abstract, in virtually every situation in which charges are joined for trial." *Dewhitt*, 276 Or App at 386-87. "Accordingly, a defendant must identify a 'case-specific' circumstance that impairs his or her right to a fair trial in such a way that a danger of substantial prejudice cannot be mitigated in other ways." *Id.* at 387.

In arguing that he was substantially prejudiced, defendant argues principally that the evidence concerning his conduct toward K was not cross-admissible in proving the counts concerning J, and vice versa.[2] However, we have

---

[2] Defendant also argues that joining his cases subjected him to "loss of the protection" of OEC 404(3), Oregon's prohibition against other "bad acts" evidence. But the Supreme Court has essentially foreclosed that argument for the reasons described in *State v. Miller*, 327 Or 622, 632, 969 P2d 1006 (1998). There, the court explained that, when charges against a defendant are "joined lawfully for trial," the evidence of defendant's criminal conduct is "relevant to prove that defendant had perpetrated the particular offenses to which that evidence pertain[s]." *Id.* The court reasoned that "[t]hat qualifies as a valid noncharacter purpose that supports admission of the state's evidence of defendant's criminal acts" and, accordingly, "admission of that evidence would not violate OEC 404(3)[.]" *Id.* Here, as in *Miller*, the evidence concerning K and J was admissible for the nonpropensity purposes of proving the particular charges concerning each victim and did not constitute "bad acts" evidence prohibited by OEC 404(3).

repeatedly affirmed trial courts' denials of motions to sever offenses, notwithstanding mutual inadmissibility of evidence, where the evidence in each case was "sufficiently simple and distinct to mitigate the dangers created by joinder." *State v. Williams*, 272 Or App 770, 772, 358 P3d 299 (2015), *rev den*, 358 Or 611, *cert den*, 136 S Ct 2472 (2016) (internal quotation marks omitted). *See, e.g., id.* (trial court did not err in denying a defendant's motion to sever offenses, where, even assuming that evidence pertaining to one victim was not cross-admissible concerning another victim, the evidence was sufficiently simple and distinct as to each victim to mitigate prejudice to the defendant); *State v. Dimmick*, 248 Or App 167, 179, 273 P3d 212 (2012) (trial court did not err in denying a defendant's motion to sever charges where charges against the defendant "arose from four discrete incidents that occurred on four different days, and as the trial court concluded, a jury instruction could cure any prejudice from admitting evidence about the four incidents in one trial").

In this case, at the time of defendant's motion to sever, the record before the trial court demonstrated that defendant was charged with sex crimes against two victims, in distinct locations. The conduct concerning K was alleged to have occurred more than a decade before the conduct concerning J, and the facts of the respective instances of abuse were particularized. Additionally, the evidence—including two victims who were distinguishable by a significant age gap and by their particular accounts of abuse—was "not so complex that the jury could not sort through the testimony and determine what happened in each case." *State v. McMinn*, 145 Or App 104, 108, 929 P2d 1009 (1996) (the court did not abuse its discretion in denying a motion to set aside an order consolidating multiple counts of sex abuse in one indictment where the evidence offered at trial was "uncomplicated").

Also relevant to determining whether defendant was substantially prejudiced was "the probable effectiveness of limiting instructions given to the jury by the court." *Tidwell*, 259 Or App at 158. In this case, the jury was instructed that it was not to consider evidence concerning one victim as evidence of crimes concerning another victim, "unless or

until" the jury had concluded that the charged conduct had taken place and that at least 10 jurors had to agree on a verdict. The verdict form also included a brief description of the conduct alleged as the basis for each count against defendant. Thus, the jury was given clear direction to consider each charge separately; the acquittal of defendant on Count 6 suggests that the jury did so. Defendant identifies nothing in the record that would support his concern that there was a risk that "the jury [would not] be able to determine which evidence is admissible for which charge" if his cases were not severed. Thus, we conclude that defendant has not shown that he was substantially prejudiced by joinder.[3]

Affirmed.

---

[3] On appeal, defendant also argues that the denial of his motion to sever denied him due process of law under the federal constitution. The state responds that defendant's due process argument is unpreserved and that we should decline to address it. We agree with the state. *See State v. Cox*, 272 Or App 390, 398 n 5, 359 P3d 257 (2015) (so stating). Although defendant's motion to suppress noted that "a due process violation can result from joinder" where there is "significant evidentiary disparity between the offenses," defendant did not develop any argument as to why joinder would have rendered his trial fundamentally unfair under the Fourteenth Amendment to the United States Constitution, as he does now. *See State v. Amaya*, 336 Or 616, 634 n 6, 89 P3d 1163 (2004) (declining to address a defendant's federal constitutional argument on appeal when, before the trial court, defendant "never developed any separate federal constitutional analysis").