EGAN, C. J.
*364 Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010(4)[1] , and reckless driving, ORS 811.140. He assigns error to the trial court's denial of his request to exclude evidence of his prior DUII convictions in a joint trial on both charges when the prior convictions were relevant only to the reckless driving charge. In the alternative, defendant argues that the trial court erred in denying his motion to sever the charges. For the reasons explained below, we affirm.
The relevant facts are procedural and undisputed. Defendant was charged with DUII and reckless driving based on conduct that occurred on a single day. The court granted the state's motion to consolidate both charges for trial. During the trial, outside of the presence of the jury, the state sought to introduce evidence of defendant's prior DUII convictions. Defendant objected, arguing that the prior convictions were not relevant to the DUII charge, "except [for] the improper effect of telling the jury that this fellow has had DUIIs before," and that the probative value of the prior convictions was substantially outweighed by the potential for unfair prejudice. Defendant also argued that, if the court ruled that the prior convictions were admissible as to the reckless driving charge, the court would need to sever that charge from the DUII charge because of the potential for unfair prejudice.
The trial court ruled that the prior DUII convictions were relevant to the reckless driving charge, reasoning that the evidence of the convictions showed that defendant had undergone alcohol treatment and evaluation and that "someone that has been through the evaluation and has been through treatment can be at a higher state of awareness of those risks." In other words, the court determined that the prior convictions were relevant to prove an element of the crime of *502 reckless driving under ORS 811.140 : that defendant was aware of and consciously disregarded a substantial and *365 unjustifiable risk.[2] The court also determined that it would not need to sever the charges because it would "instruct the jury that they are not to consider [the exhibits showing defendant's prior convictions] in their determination of whether the Defendant is guilty or not guilty of [DUII]."[3]
Later in the trial, again outside of the presence of the jury, the court revisited its ruling admitting the prior convictions. The court explained "for the record, that [it had] gone through the weighing process," including "factoring in prejudice." The court determined that it would admit the convictions if they were offered, again explaining that it believed that "by instructing the jury to disregard [the prior convictions] as to the DUII charge and only consider [them] for the Reckless Driving charge," any potential prejudice would be "deal[t] with."
Immediately after the state introduced evidence of defendant's prior convictions to the jury, the court instructed the jury "that the use of [the exhibits of defendant's prior DUIIs] are not to be considered when you consider whether the Defendant is not guilty or guilty of [DUII]." At the end of the case, the court again instructed the jury on the issue:
"You are instructed that [evidence of defendant's prior convictions for DUII] may not be used in your determination of whether [defendant] is not guilty or guilty of [DUII]. You may only use those exhibits in your determination of *366 whether the element of recklessly, in the charge of Reckless Driving, has been proved beyond a reasonable doubt."
The jury ultimately found defendant guilty on both charges.
As noted, on appeal, defendant assigns error to the court's admission of his prior DUII convictions. Defendant concedes that the evidence was relevant to the charge of reckless driving, but argues that the court should nonetheless have excluded the evidence under OEC 403 because it was irrelevant to the DUII charge and unfairly prejudicial.[4] The state responds that the court properly admitted the evidence and concluded that the joint trial would not cause defendant substantial prejudice.
We do not reverse a trial court's ruling that evidence is admissible under OEC 403 unless the trial court has abused its discretion. State v. Robinson , 244 Or. App. 368, 380, 260 P.3d 671 (2011), rev. den. , 352 Or. 33, 281 P.3d 612 (2012). Generally, we defer to a trial court's "decision whether the probative value of the evidence is substantially outweighed by the potential for prejudice." State v. Williams , 313 Or. 19, 29-30, 828 P.2d 1006, cert. den. , 506 U.S. 858, 113 S.Ct. 171, 121 L.Ed.2d 118 (1992). As explained below, we agree with the state that the court did not abuse its discretion in admitting the prior DUII convictions.
We have previously held that a trial court did not abuse its discretion in admitting evidence of a previous DUII conviction in a trial on multiple charges including DUII and reckless driving.
*503 State v. Berliner , 232 Or. App. 539, 544, 222 P.3d 744 (2009), rev. den. , 348 Or. 291, 231 P.3d 795 (2010). In Berliner , defendant conceded, as defendant does in this case, "that the evidence [of his prior DUII conviction] was relevant to prove that he acted recklessly, that is, that he was 'aware of and consciously disregard[ed] a substantial and unjustifiable risk ***.' " Id. at 543, 222 P.3d 744 (quoting ORS 161.085(9) ) (emphasis and omission in Berliner ). We held that the DUII conviction in that case was "relevant for a noncharacter purpose." Id. at 544, 222 P.3d 744. In particular, in Berliner , the evidence was relevant to demonstrate that the "defendant was consciously *367 aware of the dangers associated with drinking and driving." Id. ; see State v. Johnstone , 172 Or. App. 559, 567, 19 P.3d 966 (2001) (past participation in DUII diversion program is relevant to whether defendant has chosen to drive with a "subjective awareness of the risks to which he exposed others"). Furthermore, in Berliner , in evaluating whether the trial court abused its discretion in determining whether the probative value of the prior DUII evidence was outweighed by the potential for unfair prejudice, we noted that while the evidence might be prejudicial to defendant in his joint trial, it was not "unfairly prejudicial." Berliner , 232 Or. App. at 544, 222 P.3d 744 (emphasis in original). Here, the conviction was relevant for the same noncharacter purpose as the evidence at issue in Berliner. It was relevant to prove the reckless element of defendant's reckless driving charge, that is, that defendant was aware of and consciously disregarded a substantial and unjustifiable risk. The trial court conducted an OEC 403 analysis, including considering the potential for unfair prejudice. The court concluded that any potential prejudice could be cured by a proper jury instruction, and accordingly instructed the jury that it was not to consider the previous DUII evidence in its determination of the current DUII charge. Under those circumstances, the trial court did not abuse its discretion in admitting defendant's previous DUII convictions.
In the alternative, defendant contends that the trial court erred when it denied his motion to sever the charges for separate trials. See ORS 132.560(3). The state responds that defendant failed to demonstrate substantial prejudice from the joinder of charges, and therefore, that the court did not err in denying the motion to sever.
ORS 132.560(3) provides:
"If it appears, upon motion, that the state or defendant is substantially prejudiced by a joinder of offenses under subsection (1) or (2) of this section, the court may order an election or separate trials of counts or provide whatever other relief justice requires."
We review a trial court's determination "that the facts presented in defendant's motion to sever did not demonstrate the existence of 'substantial prejudice' to defendant, as *368 required in ORS 132.560(3)," for legal error. State v. Luers , 211 Or. App. 34, 43, 153 P.3d 688, adh'd to as modified on recons. , 213 Or. App. 389, 160 P.3d 1013 (2007) (brackets omitted). Our "determination whether joinder of charges substantially prejudices a defendant must be based on a case-specific analysis of the charges and the facts alleged to support them." Id. at 45, 153 P.3d 688. A reviewing court must be able to determine from the record that the trial court engaged in the required prejudice analysis. Id. at 44, 153 P.3d 688.
General arguments regarding prejudice "that could be made in any case in which charges are joined" are insufficient. State v. Tidwell , 259 Or. App. 152, 155, 313 P.3d 345 (2013), rev. den. , 355 Or. 142, 326 P.3d 1207 (2014). A defendant must relate his arguments to the specific facts of the case. Id. Furthermore, the "mere assertion that evidence relating to some charges will influence the jury's consideration of other charges is insufficient" to establish substantial prejudice. Id. at 154, 313 P.3d 345. The probable effectiveness of limiting instructions to the jury is relevant to whether the defendant has established substantial prejudice. Id. at 155, 313 P.3d 345 ; see also State v. Strouse , 276 Or. App. 392, 403-04, 366 P.3d 1185, rev. den. , 360 Or. 236, 381 P.3d 830 (2016) (noting that defendant failed to "explain why other measures such as limiting instructions would be insufficient to mitigate any putative prejudice"). Whether evidence pertaining to multiple charges "is sufficiently *504 simple and distinct to mitigate the dangers created by joinder" is also relevant. Luers , 211 Or. App. at 43-44, 153 P.3d 688.
Here, defendant contends that the trial court erred when it denied his motion to sever the DUII charge from the reckless driving charge. Defendant argues that admission of his prior DUIIs in the joint trial prejudiced him by creating an implication of guilt on his present DUII charge. Defendant also contends that the court's jury instruction would not be effective in mitigating any prejudice because "[s]ome facts *** are too prejudicial to be handled in such a cavalier manner." We are unpersuaded.
First, we observe that, although defendant has made general arguments about prejudice, he has failed to identify how specific facts regarding his prior convictions would prejudice him in his joint trial. While we agree that, *369 in some cases, specific evidence of prior, similar crimes may create an implication of guilt so as to cause substantial prejudice, defendant has not explained or demonstrated that the evidence in this case did so. Second, the trial court denied defendant's motion to sever after going "through the weighing process" and determining that a jury instruction would "deal with any potential prejudice." Thus, it is clear from the record that the court engaged in the required prejudice analysis.
Finally, the court instructed the jurors that they could only use the evidence of defendant's prior DUII convictions in their evaluation of the reckless driving charge, and that they were not to consider defendant's previous DUII convictions when deliberating on the current DUII charge. Defendant does not explain why the jury instruction was "cavalier," nor does he explain why the jurors would not be able to follow the instructions. See State v. Taylor , 364 Or. 364, 379, 434 P.3d 331 (2019). Thus, we conclude that defendant was not substantially prejudiced by the joinder of charges and, accordingly, that the trial court did not err in denying his motion to sever.
Affirmed.

ORS 813.010 was amended in 2017, but those amendments are immaterial to the issue on appeal. See Or. Laws 2017, ch. 21, § 80 (2017). Thus, we refer to the current version of the statute in this opinion.

ORS 811.140 provides:
"(1) A person commits the offense of reckless driving if the person recklessly drives a vehicle upon a highway or other premises described in this section in a manner that endangers the safety of persons or property.
"(2) The use of the term 'recklessly' in this section is as defined in ORS 161.085.
"(3) The offense described in this section, reckless driving, is a Class A misdemeanor and is applicable upon any premises open to the public."
A person acts "recklessly" as defined in ORS 161.085(9) when
"that [ ] person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

The trial court added, "And I'm going to instruct the jury and we expect juries to follow instructions. And my observation of jurors through the years [is] that they are pretty studious in their following the instructions."

OEC 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."