Argued and submitted September 29; convictions on Counts 2, 3, and 5 through 10 reversed and remanded, otherwise affirmed December 9, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYRONE NEIL MURPHY,
*Defendant-Appellant.*

Washington County Circuit Court
18CR29852; A170011

478 P3d 1018

Theodore E. Sims, Judge.

Andrew D. Robinson, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Convictions on Counts 2, 3, and 5 through 10 reversed and remanded; otherwise affirmed.

## PER CURIAM

Defendant was convicted of first-degree sodomy, ORS 163.405, second-degree sexual abuse, ORS 163.425, and first-degree rape, ORS 163.375. The state had charged defendant with five counts of first-degree sodomy (Counts 1 through 3, 7, and 8), four counts of second-degree sexual abuse (Counts 4 through 6 and 11), and two counts of first-degree rape (Counts 9 and 10). The state dismissed Counts 1 and 4 before trial, the jury found defendant not guilty on Count 11, and it found defendant guilty of the remaining counts (Counts 2, 3, and 5 through 10). On appeal, defendant assigns error to seven of the trial court's rulings. We reject without written discussion his second, third, and fourth assignments of error and write only to address the remaining assignments of error, which involve only two issues: the denial of defendant's motion to sever and the jury's return of a nonunanimous verdict.

First, we reject defendant's argument that the trial court erred in denying his motion to sever. It is not necessary to recount the facts presented at the hearing on the motion to sever. In short, defendant argued that he was prejudiced by joinder because some portions of the alleged victims' testimony would not be cross-admissible in separate trials under OEC 403, and because joinder would interfere with his right to testify regarding some charges, but not others. With regard to prejudice, defendant concedes that the evidence was "sufficiently simple and distinct" to avoid the dangers of prejudice resulting from the joinder of charges. Because the evidence was admissible for the nonpropensity purpose of trying joined charges, *State v. Miller*, 327 Or 622, 631-34, 969 P2d 1006 (1998), and because the evidence was "sufficiently simple and distinct to mitigate the dangers created by joinder," *State v. Buyes*, 280 Or App 564, 570, 382 P3d 562 (2016), defendant was not deprived of the protections afforded by the evidence code, *State v. Gensler*, 266 Or App 1, 9, 337 P3d 890 (2014), *rev den*, 356 Or 689 (2015). Additionally, defendant was acquitted of the sole charge for which he sought to testify. So, even if we assumed that the court erred by not severing the charges because it would compromise his right against

self-incrimination,[1] the resulting acquittal on that charge provides no basis for a reversal.

Second, we conclude that the trial court's acceptance of a nonunanimous jury verdict requires reversal and remand for a new trial. *See Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (concluding that nonunanimous jury verdicts violate the Sixth Amendment to the United States Constitution); *State v. Ulery*, 366 Or 500, 504, 464 P3d 1123 (2020) (concluding that a trial court's acceptance of a nonunanimous verdict constitutes plain error and that appellate courts should exercise their discretion to correct that plain error). The state concedes, and we agree, that the court's acceptance of nonunanimous verdicts on each of the convictions constitutes plain error. For the reasons set forth in *Ulery*, we exercise our discretion to correct the error.

Convictions on Counts 2, 3, and 5 through 10 reversed and remanded; otherwise affirmed.

---

[1] We do not decide, one way or the other, whether the trial court so erred on that basis.