Argued and submitted March 7, decision of Court of Appeals and judgment of circuit court affirmed November 13, 1998

STATE OF OREGON,
*Respondent on Review,*

*v.*

STEVEN ANDREW MILLER,
*Petitioner on Review.*

(CC 93CR1046FE; CA A83016; SC S42283)

969 P2d 1006

David E. Groom, Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the petition and brief was Sally L. Avera, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent on review. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, and Durham, Justices.**

DURHAM, J.

---

** Unis, J., retired June 30, 1996, and did not participate in this decision. Fadeley, J., retired January 31, 1998, and did not participate in this decision. Graber, J., resigned March 31, 1998, and did not participate in this decision.

## DURHAM, J.

In a multiple count indictment, the state charged that defendant committed various offenses in two incidents involving different victims. Before trial, defendant moved to sever the counts involving each incident. The trial court denied the motion. Defendant renewed the motion during the trial, and the trial court again denied the motion. Defendant was convicted of all but one offense. The Court of Appeals affirmed the convictions. *State v. Miller*, 133 Or App 604, 892 P2d 1030 (1995).

The issue on review is whether the trial court erred in denying defendant's motions to sever. For the reasons that follow, we affirm the decision of the Court of Appeals.

The indictment alleges that, on October 2, 1992, defendant committed rape in the first degree, ORS 163.375 (count 1), and sexual abuse in the first degree, ORS 163.427 (1991)[1] (count 2), against the victim, Misty. The indictment also alleges that, on October 28, 1992, defendant committed attempted rape in the first degree, ORS 161.405 and ORS 163.375 (count 3), two incidents of sexual abuse in the first degree, ORS 163.427 (1991) (counts 4 and 5), and assault in the fourth degree, ORS 163.160 (1991) (count 6), against a different victim, Tina. The indictment alleges that the counts involving crimes against Misty were of the same or similar character as the counts involving crimes against Tina, but does not allege facts showing that the two incidents otherwise were related to each other.

ORS 132.560 (1991)[2] provided, in part:

"(1)   The indictment must charge but one crime, and in one form only, except that:

"* * * * *

---

[1] The legislature has amended several of the statutes that are relevant to this proceeding. *See* Or Laws 1993, ch 278, § 1 (amending ORS 132.560 (1991)); Or Laws 1995, ch 657, § 12; ch 671, § 10 (amending ORS 163.427 (1991)); Or Laws 1997, ch 694, § 1 (amending ORS 163.160 (1991)). Neither party argues that the amendments affect the analysis of this case.

[2] Subsequent references in this opinion to ORS 132.560 are to the 1991 version.

"(b) Two or more offenses may be charged in the same accusatory instrument in a separate count for each offense if the offenses charged * * * are alleged to have been committed by the same person or persons and are:

"(A) Of the same or similar character;

"(B) Based on the same act or transaction; or

"(C) Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

"* * * * *

"(3) If it appears, upon motion, that the state or defendant is *prejudiced* by a joinder of offenses under subsection (1) or (2) of this section, the court may order an election or separate trials of counts or provide whatever other relief justice requires."

(Emphasis added.)

Defendant's pretrial motion to sever argued, first, that the offenses alleged in counts 1 and 2 and those alleged in counts 3 through 6 were not of the same or similar character. In support of that position, defendant argued that the alleged offenses involved two different, unrelated victims and two different sets of witnesses, occurred in two different locations on different dates and at different times of the day, and involved two distinctive types of unlawful sexual acts that the state would seek to prove without overlapping evidence. Defendant also argued that joinder of all offenses for a single trial would be prejudicial to him for three reasons. First, he argued that prejudice is inherent in the presentation to a single jury of multiple unrelated charges involving violence or sexual assault. Second, he contended that the court would not admit evidence of the crimes alleged in counts 1 and 2 in a separate trial of the crimes alleged in counts 3 through 6. Third, he asserted that he would testify in his own defense regarding counts 1 and 2, but that there was a possibility that he would not testify regarding the other counts.

The trial court rejected defendant's objection to joinder of the offenses in one charging instrument, because all the alleged offenses were committed by the same person and were of the same or similar character. ORS 132.560(1)(b)(A).

On review, defendant concedes that that ruling was correct. The trial court also determined that all the counts involved allegations of forcible compulsion occurring in October 1992, that the evidence of each occurrence would not be admissible in separate trials, and that defendant may not have wished to testify regarding one of the events. However, the court ruled that defendant had not shown prejudice sufficient to require severance of the counts for trial under ORS 132.560(3) and, consequently, denied the pretrial motion to sever. As noted, defendant renewed his motion during trial, and the trial court again denied the motion. On review, defendant restates the arguments that he made below.

ORS 132.560(3) requires the state or a defendant to show by motion that joinder of offenses in the same charging instrument causes the moving party to be "prejudiced." If the state or a defendant shows prejudice within the meaning of the statute, the court may order relief from that prejudice. Relief may include the type of relief that defendant sought here, *i.e.*, the separate trial of unrelated counts, but the court may order any other form of relief that "justice requires."

■■ Defendant's contentions require this court to interpret ORS 132.560(3) to determine what the legislature meant by the term "prejudiced" and to articulate the standards for appellate review of issues arising under ORS 132.560(3). We start with the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

ORS 132.560 does not provide a definition of the term "prejudiced." The dictionary lists the following definitions of the verb "prejudice":

"**1 :** to injure or damage by some judgment or action usu. at law; *broadly* **:** to cause injury to **:** HURT, DAMAGE, IMPAIR ‹~a good cause› **2 :** to cause to have prejudice **:** prepossess with opinions formed without due knowledge or examination **:** bias the mind of **:** give an unreasonable bent to ‹~ a critic› * * * to judge beforehand usu. unfavorably **:** PREJUDGE."

*Webster's Third New Int'l Dictionary*, 1788 (unabridged ed 1993) (emphasis in original).

The term "prejudice" is a familiar legal standard. It appears in a number of statutes and rules.[3] This court has construed the term "prejudice" in the context of lawyer disciplinary rules. *See, e.g., In re Haws*, 310 Or 741, 747, 801 P2d 818 (1990) (in the context of DR 1-102(A)(4), which prohibits conduct prejudicial to the administration of justice, " 'prejudice' means 'harm' or 'injury' ").

The dictionary definitions of the verb "prejudice" and the *Haws* decision confirm that, at its core, "prejudice" means to "harm" or "injure." In the context of ORS 132.560(3), the "prejudice" standard authorizes the court to protect a party from the harm or injury that the party likely will suffer as a result of the joinder of multiple offenses.

The "prejudice" standard in ORS 132.560(3) demonstrates that the legislature intended to authorize the court to safeguard the parties from potential injury or harm to their interests in a *fair trial*. As indicated in *Brooks v. Gladden*, 226 Or 191, 204, 358 P2d 1055 (1961), this court determines what fairness requires in any setting by evaluating the specific interests of the parties at stake in light of our legal traditions and the applicable rules of trial procedure:

> "Ultimately the question is, as we have already suggested, one for our judicial sense of fairness, guided by our knowledge of the traditions which have shaped procedural rights and by our understanding of the mechanics of trial procedures, including the functioning of the jury in our present day practice."

The court's sense of fairness, as described in *Brooks*, guides the court in identifying the interests of a party that arguably may be prejudiced by joinder of multiple offenses for trial. The interest of a party that is at stake in the context of ORS 132.560(3) is the interest in a trial conducted efficiently and in accordance with all applicable laws, including

---

[3] *See, e.g.*, ORS 10.050(2) (judge may excuse a juror whose presence on the jury would "prejudice the parties" to the trial); ORS 19.360(1) (pending appellate review of an order relating to an undertaking or a stay, the trial court may take action "necessary to prevent prejudice to the parties"); ORS 28.110 ("no declaration shall prejudice the rights of persons not parties to the proceedings"); ORCP 22 E (court may order a separate trial of certain claims to "avoid prejudice").

the constitutions, statutes, and rules of procedure and evidence, and in a decision based on a dispassionate consideration of the evidence rather than bias, emotion, or other improper criteria. The actual or likely impairment of that interest of a party, resulting from the joinder of multiple offenses in a single charging instrument, constitutes "prejudice" within the meaning of ORS 132.560(3). We give effect to that meaning in this setting.

■ The state argues that this court, by interpretation, should add the adverb "substantially" before the word "prejudiced" in ORS 132.560(3). According to the state, defendants in many criminal cases will suffer at least some degree of prejudice from joinder of offenses, and a slight prejudice from joinder should not justify severance. The state also contends that this court should consider the trial court's determination regarding the presence or absence of prejudice as an exercise of discretion that is subject to appellate review only for abuse of discretion.

The state's first argument implies that, unless the court adopts the modification that the state requests, the standard of prejudice in ORS 132.560(3) will lead trial courts to order relief from joinder too frequently. However, the legislature did not modify the term "prejudiced" in the statute. This court's task is to discern the legislative intention from the words that the legislature enacted, not to add a word to the statute that the legislature did not enact. *See* ORS 174.010, which provides, in part:

> "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; * * *."

We decline to amend the statute under the guise of construing it.

■ We also disagree with the state's second contention. The statute does not indicate that the trial court's determination about whether joinder of offenses causes prejudice is a discretionary choice. Rather, prejudice in this context is a legal standard. Under the statute, the trial court examines the facts stated in a party's motion to determine whether,

under the circumstances, the joinder of offenses is likely to cause prejudice to that party. The court's determination whether the facts stated in the motion show the existence of prejudice is a legal determination that is subject to appellate review for errors of law. If the trial court determines that the facts show prejudice, the statute contemplates that the court next will determine what relief is necessary to dispel the prejudice. By contrast, the court's determination of the appropriate form of relief from prejudice is a choice that the statute commits to the trial court's discretion. Therefore, the court's choice is subject to appellate review for abuse of discretion. Because the trial court determined in this case that defendant's motion did not demonstrate the existence of prejudice from the joinder of offenses for trial, we review that decision for legal error.

■ Defendant focuses on what he calls the "real prejudice here," *i.e.*, the testimony of two separate victims in one trial. According to defendant, the court should conclude categorically that prejudice exists if: (1) the accusatory instrument charges multiple unrelated offenses involving violence or sexual assault; (2) the court would not admit evidence of each offense under OEC 404(2) or (3), which we quote below, in separate trials; and (3) the defendant chooses not to testify in his defense against each offense.

We disagree with defendant's categorical approach to the question of prejudice under ORS 132.560(3). Courts apply few legal standards that are more case specific than the standard of prejudice. The statute contemplates that the court will engage in each case in a practical analysis of the prejudice entailed in joinder of multiple offenses for a single trial and will not conclude automatically that prejudice exists in every case that involves allegations of sexual misconduct, violence, or multiple victims. Allegations of that sort, considered in combination with other circumstances described in the motion, may justify the conclusion that prejudice exists in a particular case. But, in our view, that conclusion must flow from a case-by-case assessment rather than the "one size fits all" approach that defendant advocates.

Defendant next asserts that he demonstrated prejudice here because joinder of the offenses subjected him to the

loss of certain protections against admission of the state's evidence under OEC 404(2) and (3)[4] and OEC 403.[5] We address those arguments in order.

■     Defendant asserts that the trial court's conclusion—that evidence of each occurrence would be inadmissible in separate trials—demonstrates that joinder of all offenses for trial necessarily subjected him to a loss of his right under OEC 404(2) and (3) to prevent the admission of character evidence and evidence of other crimes, wrongs, or acts. According to defendant, this court in *State v. Johns*, 301 Or 535, 725 P2d 312 (1986), required trial courts to determine the relevance of prior crimes evidence and observed that a trial court may exclude such evidence from a trial under OEC 403, if its

---

[4] OEC 404(2) and (3) provide:

"(2) Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

"(a) Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same;

"(b) Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same or evidence of a character trait of peacefulness of the victim offered by the prosecution to rebut evidence that the victim was the first aggressor;

"(c) Evidence of the character of a witness, as provided in ORS 40.345 to 40.355; or

"(d) Evidence of the character of a party for violent behavior offered in a civil assault and battery case when self-defense is pleaded and there is evidence to support such defense.

"(3) Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

In 1997, the legislature enacted OEC 404(4), which makes admissible in criminal actions relevant "evidence of other crimes, wrongs or acts by the defendant." Or Laws 1997, ch 313, § 29. The legislature directed that that statute "apply to all criminal actions pending or commenced on or after December 5, 1996." Or Laws 1997, ch 313, § 38. Neither party has argued that the enactment of OEC 404(4) applies to this case or has any effect on our analysis of the parties' arguments.

[5] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

probative value is outweighed by "the danger of unfair prejudice," 301 Or at 556, among other factors. Defendant urges the court to follow the analysis in *Johns* in deciding whether joinder of offenses for trial, with its inherent prospect for admission of evidence of unrelated crimes, wrongs, or acts in a single trial, would cause prejudice to a defendant. For the following reasons, we reject that argument.

The trial court correctly considered whether evidence of defendant's multiple criminal acts would be admissible in *separate* trials on the charged offenses. That inquiry is probative, at least to some degree, of whether joinder causes prejudice to defendant. However, the trial court's response to that question did not indicate whether the trial court determined that that evidence was inadmissible in a *joint* trial of the charged offenses. Insofar as defendant's motion raised the potential unfairness of admitting evidence of defendant's other crimes, wrongs, or acts, the legal inquiry necessarily must focus on the admissibility of such evidence in a joint trial of all charges. Viewed in that light, the trial court's conclusion about the inadmissibility of evidence of defendant's offenses in separate trials furnishes no support for defendant's claim of prejudice under ORS 132.560(3).

The inquiry into the likelihood of prejudice under ORS 132.560(3) may encompass an analysis of the admissibility in a joint trial of evidence of prior crimes, wrongs, or acts under OEC 404(3) and *Johns*. Those rules, and all pertinent rules of evidence, govern the admissibility of evidence of a person's character in a trial of joined charges. However, the question of prejudice under ORS 132.560(3) is separate from, and is not necessarily controlled by, the question of the admissibility of other crimes evidence under OEC 404(3). In that connection, it is important to recall that, as this court held in *Johns*, 301 Or at 544, OEC 404(3) is an inclusionary rule. The rule authorizes courts to admit evidence of other crimes, wrongs, or acts for any purpose that does not run afoul of the prohibition in OEC 404(3) on using such evidence "to prove the character of a person in order to show that the person acted in conformity therewith."[6]

---

[6] *See* 328 Or at 630 n 4 (quoting OEC 404(3)).

We do not address in this case the effect, if any, of the enactment in 1997 of OEC 404(4) on OEC 404(3).

The state did not propose to offer evidence of defendant's offenses in order to prove his character or propensity to commit certain crimes. Because the charges against defendant were joined lawfully for trial under ORS 132.560(1), the evidence of defendant's criminal behavior during each incident was relevant to prove that defendant had perpetrated the particular offenses to which that evidence pertained. That qualifies as a valid noncharacter purpose that supports admission of the state's evidence of defendant's criminal acts. Because the admission of that evidence would not violate OEC 404(3), the trial court correctly determined that defendant failed to show that he would suffer prejudice under ORS 132.560(3) from the admission of that evidence.

Defendant also claims that permitting the state to prove multiple unrelated offenses in a single trial causes prejudice because, despite the relevance of such evidence to the joined offenses, the evidence *indirectly* effects a violation of the rule against proving criminal propensity in OEC 404(3). We do not disagree that other crimes evidence, offered in a joint trial, *may* carry that collateral effect. However, as *Johns* emphasized, the prohibition in OEC 404(3) applies only if the *sole* purpose that underlies the offer of other crimes evidence is to prove that a person acted in conformity with the person's character. *Johns*, 301 Or at 548. Even if the state's other crimes evidence carried the collateral effect that defendant describes, that does not erase the fact that the evidence also was relevant to prove offenses that the court properly joined for trial. We reject defendant's argument because, in our view, it necessarily would undermine the legislature's policy choice to authorize joinder of unrelated charges for trial.

■ We turn to defendant's argument based on OEC 403. According to defendant, the trial court abused its discretion under OEC 403 in failing to recognize that the prejudicial effect of the evidence of multiple unrelated offenses outweighed its probative value.

At the outset, we note that the "danger of *unfair prejudice*" (emphasis added) standard in OEC 403 performs a different function than the "prejudice" standard in ORS 132.560(3). The standard in OEC 403 calls for a judicial

determination of the extent to which evidence, although relevant, will expose a party to unfair prejudice during a trial. That standard focuses solely on evidence that carries a danger of *unfair* prejudice, and not evidence that is "prejudicial," because *all* relevant evidence causes some degree of prejudice to the party against whom the proponent offers it.

By contrast, the standard of "prejudice" in ORS 132.560(3) is not qualified. It focuses the court's analysis on *any* circumstance resulting from the joinder of offenses that harms the moving party's right to a fair trial, such as, for example, defendant's claim that joinder would deprive him of protections in the Oregon Evidence Code against the admission of evidence. If a moving party demonstrates prejudice from the joinder of offenses, ORS 132.560(3) leaves no room for a further judicial assessment of whether the prejudice is "unfair" to the moving party.

Defendant's OEC 403 argument, in substance, sought two distinct rulings from the trial court. First, defendant sought a determination that the state's evidence of defendant's involvement in multiple offenses was inadmissible under OEC 403 in a joint trial, because the danger of unfair prejudice, resulting in part from the testimony of two complaining witnesses describing multiple offenses of a sexual nature, outweighed the probative value of that evidence. Assuming the correctness of that argument, defendant then sought a separate determination that, because the evidence supporting the charges was inadmissible in a joint trial, defendant was "prejudiced" under ORS 132.560(3) by joinder of the offenses for trial.

■■    The trial court implicitly rejected defendant's first argument under OEC 403. We agree with defendant that this court reviews the trial court's determination regarding the admissibility of evidence under OEC 403 for abuse of discretion. *Johns*, 301 Or at 558-59.

> "Evidence is prejudicial under OEC 403 if it will tempt the jury to decide the case on an improper basis. Prior crime evidence is prejudicial if it invites the jury to resolve the case on the improper basis that the defendant is a bad person."

*Id.* at 558. We cannot say as a matter of law that OEC 403 required the court to exclude evidence of defendant's offenses here. To be sure, there was at least some degree of danger that admitting evidence of defendant's multiple offenses in a joint trial would tempt the jury to decide the case on the basis of defendant's perceived propensity to commit crimes.[7] However, the evidence also was probative of defendant's guilt of the charged offenses to which the evidence related. Defendant himself stressed that the two incidents involved few similarities and had no logical or factual connection. The trial court could have decided the admissibility question under OEC 403 either way. Under the circumstances, we find no abuse of discretion under OEC 403 in the court's decision to allow the state to offer its evidence of defendant's offenses in a joint trial.

The foregoing discussion demonstrates that a joint trial of the charged offenses did not expose defendant to a loss of the protection against improper evidence embodied in OEC 404(2) and (3) and OEC 403. Consequently, the trial court correctly rejected defendant's claim that the court's application of those rules caused him prejudice under ORS 132.560(3).

We next consider defendant's argument that a joint trial infringed his right not to testify regarding some of the charges against him.

The trial court found that "defendant *may* not wish to testify regarding one of the events." (Emphasis in original.) Like the trial court, we conclude that that fact alone does not amount to a showing of prejudice under ORS 132.560(3). Defendant filed his motion to sever before trial and renewed his motion after the state finished offering evidence about the first of the two incidents. At those points in the proceeding, defendant did not know, or at least did not establish, whether he would testify and, if he did, whether he would offer evidence about the first or second incident, or both.[8] We conclude that defendant was so noncommittal about his desire

---

[7] Had the court decided, pursuant to OEC 403, that evidence of defendant's multiple crimes, although relevant, was not admissible for any of the reasons stated in OEC 403, ORS 132.560(3) would require the court to determine whether joinder of the offenses for trial would cause prejudice to defendant.

[8] After the court denied defendant's motion during trial, the state completed its case. During his case-in-chief, defendant took the stand and gave testimony regarding each incident.

not to testify that his claim, viewed alone or in conjunction with his other arguments, failed to show that a joint trial would prejudice him.[9]

Finally, defendant contends that the court's failure to sever the counts for trial denied him due process of law.[10] Defendant did not raise that federal constitutional issue at trial, and he raises the claim at this level only in a summary manner. We decline to address that question.

The foregoing discussion leads us to conclude that the trial court did not err in denying defendant's motions to sever the criminal counts for trial.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[9] Under the facts of this case, we do not address whether a defendant's assertion of a right to remain silent about less than all joined charges can show that joinder of multiple unrelated offenses for trial creates prejudice under ORS 132.560(3).

[10] Defendant's assertion that the trial court denied him "due process of law" raises no issue of state constitutional law because the Oregon Constitution contains no due process clause. Rather, that claim asserts only those issues that arise under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which provides:

"[N]or shall any State deprive any person of life, liberty, or property, without due process of law; * * *."