**Alvin BROWN, Petitioner–Appellant,**

v.

**Joan PALMATEER, Superintendent, Respondent–Appellee.**

No. 03–35103.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2006.

Filed Sept. 21, 2006.

Laura Graser, Esq., Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Esq., AGOR, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: HAWKINS, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM *

Alvin Brown ("Brown") appeals the district court's denial of habeas relief, raising three claims of ineffective assistance of counsel ("IAC"). We affirm.

■ Regarding Brown's first IAC claim, based on his attorney's failure to request a jury instruction that evidence of each incident was not cross-admissible, an attorney cannot be found ineffective for failing to make a request when no trial error has occurred. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir.2005). Here, evidence of Brown's behavior during each incident was cross-admissible for valid non-propensity purposes because the trial court had properly joined two incidents with intertwining evidence and factual similarities. *See State v. Miller*, 327 Or. 622, 632, 969 P.2d 1006 (1998); Or.Rev.Stat. §§ 40.170(3), 132.560(1).

■ Brown never presented his second IAC claim—based on his attorney's failure to object to a proposed jury instruction—at the state level, having withdrawn it from the post-conviction court's consideration. As he can no longer pursue state-court remedies, the claim is procedurally defaulted. Further, there is no constitutional right to an attorney in state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

■ His third IAC claim is based on his trial counsel's alleged failure to effectively move for acquittal on the robbery charge. Brown's attorney adequately moved for a judgment of acquittal, arguing there was insufficient evidence that Brown robbed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the first victim. Although Brown conceives of a more specific argument that could have been raised, his attorney's argument fell within the "wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Finally, Brown claims error from the district court's refusal to hold an evidentiary hearing under 28 U.S.C. § 2254(e)(2). At a minimum, such a request requires a claim that would be supported by the hearing. Here, Brown does not seek to support any specific claim; instead, he hopes to glean some additional insight into the destruction of the fingerprint evidence, which might give rise to a claim that would excuse his procedural default. Nothing in § 2254(e)(2) authorizes an evidentiary hearing for such a purpose, and the district court did not err in denying Brown's request.

**AFFIRMED.**