Submitted December 15, 2014, affirmed November 4, 2015, petition for review denied May 5, 2016 (359 Or 525)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RUSSELL GENE CRUMMETT,
*Defendant-Appellant.*

Lane County Circuit Court
201222414; A154174

361 P3d 644

Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the supplemental brief.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the opening brief for respondent. Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the supplemental brief.

Before Lagesen, Presiding Judge, and Flynn, Judge, and De Muniz, Senior Judge.

LAGESEN, P. J.

**LAGESEN, P. J.**

Defendant was convicted of 12 sexual offenses following a stipulated facts trial to the court. Defendant was charged with 42 offenses. The charges were joined in a single indictment. The indictment alleged that those offenses involved six different victims, all girls under the age of 14, across a five-year span of time. The issue on appeal is whether ORS 132.560(3) required the trial court to sever the charges against defendant and, if not, whether due process required the trial court to sever the charges. Defendant moved to sever the charges into six different cases—one for each of the alleged victims. The trial court concluded that defendant had not made a showing of "substantial prejudice," as required for severance under ORS 132.560(3), or of fundamental unfairness, as required for severance under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and denied the motion. We affirm.

ORS 132.560(1)(b)(A) authorizes the joinder of separate criminal charges in a single charging instrument "if the offenses charged are alleged to have been committed by the same person or persons and are * * * [o]f the same or similar character[.]" Once charges are properly joined[1] in a single charging instrument, either party may move to sever the charges if the joinder will "substantially prejudice[]" the party. ORS 132.560(3). "It if appears, upon motion, that the state or defendant is substantially prejudiced by a joinder of offenses[,] * * * the court may order an election or separate trials of counts or provide whatever relief justice requires." *Id.*

The party seeking severance of properly joined charges bears the burden of demonstrating that joinder will result in substantial prejudice. *See State v. Beauvais*, 261 Or App 837, 849-50, 322 P3d 1116 (2014), *aff'd*, 357 Or 524, 354 P3d 680 (2015). To satisfy that burden, the party must

---

[1] A party may also challenge the joinder of charges on the ground that joinder is not permissible, that is, that the charges do not satisfy the statutory criteria for joinder in the first instance. *See State v. Thompson*, 328 Or 248, 256-57, 971 P2d 879, *cert den*, 527 US 1042 (1999). Defendant here does not contend that the charges were not properly joined.

make a specific showing as to how joinder will result in prejudice in the light of the facts of the particular case. *State v. Barone*, 329 Or 210, 217, 986 P2d 5 (1999), *cert den*, 528 US 1086 (2000). "General arguments of prejudice that could be made in any case in which charges are joined are not sufficient to demonstrate substantial prejudice when the defendant fails to relate those arguments to the specific facts of the defendant's case." *State v. Tidwell*, 259 Or App 152, 155, 313 P3d 345 (2013), *rev den*, 355 Or 142 (2014). In each case, the party seeking severance must demonstrate prejudice; the court will not presume it. *See State v. Miller*, 327 Or 622, 629, 969 P2d 1006 (1998) (declining to adopt rule that joinder of charges of multiple, unrelated sexual or violent offenses is presumptively prejudicial).

On appeal, defendant argues that the trial court erred in concluding that he did not establish substantial prejudice or fundamental unfairness from the joinder of the charges. Specifically, defendant presents three reasons that demonstrate that he was substantially prejudiced by joinder under ORS 132.560(3): (1) the evidence pertaining to each victim was not mutually admissible in separate trials; (2) the evidence was not sufficiently simple and distinct to mitigate the prejudice caused by joinder; and (3) the trial court failed to indicate that it would give proper limiting instructions to mitigate the prejudice.

We review for legal error the trial court's determination whether the facts presented in support of a motion to sever demonstrate "substantial prejudice" for purposes of ORS 132.560(3). *State v. Thompson*, 328 Or 248, 257, 971 P2d 879, *cert den*, 527 US 1042 (1999); *State v. Luers*, 211 Or App 34, 43, 153 P3d 688, *adh'd to as modified on recons*, 213 Or App 389, 160 P3d 1013 (2007) (brackets omitted). We conduct our review based on the record at the time of the court's ruling on the motion to sever. *Tidwell*, 259 Or App at 156.

That fact—that we conduct our review based on the record presented to the trial court at the time of the court's ruling on the motion to sever—presents a problem for defendant. The problem is that defendant supported his motion to sever with nothing but conclusory allegations about the

type of prejudice that might result from the joinder of multiple charges of sex offenses. The only specific facts to which defendant's motion and supporting materials referred were the allegations in the indictment reflecting that the offenses had been committed against six different victims over a span of five years.[2] Rather than demonstrate in any concrete way how the evidence was likely to unfold at trial, and how that would tend to prejudice defendant, defendant argued that the court should presume prejudice from the fact that the charges involved six different victims:

> "[H]ow many does it take, separate victims testifying against a person? How many does it take to make it—before it becomes prejudicial? Two? Four? Six? Ten? A hundred? Is there some limit?

> "There certainly is. The courts have said and the statute said there's something out there that is too far. And we're submitting that that is this particular case."

As the trial court correctly recognized, defendant's argument that the court should presume prejudice simply from the number of different victims is foreclosed by the Supreme Court's decision in *Miller*. 327 Or at 629. Beyond that, defendant's allegations of prejudice—divorced from any specific facts about the case—do not permit the conclusion that defendant was substantially prejudiced by the joinder of the charges. Without more information about what the evidence at trial was likely to show, the trial court was in no position to determine one way or another whether that evidence would have been cross-admissible if the cases involving the different victims were tried separately, or whether the evidence about the different crimes was sufficiently simple and distinct so as not to risk prejudicial jury confusion.[3] (Neither are we, although that is what defendant asks us to do on appeal). As a result, defendant did not meet his

---

[2] Defendant explained at argument on the motion that he had not made an offer of proof to support the motion because the parties had not yet completed discovery. Defendant did not renew the motion after the completion of discovery or further develop the record in support of the motion.

[3] Given defendant's failure to support his motion to sever with any specific facts demonstrating prejudice, whether or not the trial court said that it would provide limiting instructions is immaterial. That said, the trial court indicated that it would be willing to give limiting instructions.

burden to demonstrate prejudice, and the court did not err in denying the motion to sever under ORS 132.560(3).

For similar reasons, the trial court did not err in concluding that defendant had not demonstrated that the Due Process Clause required severance of the charges. To show a due process violation, defendant would have to show that misjoinder deprived him of a fair trial. *See United States v. Lane*, 474 US 438, 446 n 8, 106 S Ct 725, 88 L Ed 2d 814 (1986). To the extent that defendant is arguing that the trial court was required to find that defendant sufficiently demonstrated a risk of fundamental unfairness in his motion to sever, defendant's submissions in support of his motion demonstrated, at best, a speculative possibility of unfairness. To the extent that defendant is claiming that his stipulated facts trial was, in fact, unfair as a result of the joined charges, the record does not support that contention.

Affirmed.