No. 1076            December 17, 2025            625

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PRISCILIANO LOPEZ-MARTINEZ,
*Defendant-Appellant.*

Washington County Circuit Court
20CR31836; A183225

Ricardo J. Menchaca, Judge.

Submitted September 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Following a jury trial, defendant was convicted of seven counts of first-degree sodomy, five counts of first-degree rape, one count of first-degree sexual penetration, and 18 counts of first-degree sexual abuse, for conduct relating to seven of his nieces and nephews spanning a 13-year period. On appeal, defendant assigns error to the trial court's denial of his motion to sever the charges for separate trials and to the admission of hearsay statements made by child declarants who were adults at the time of trial under OEC 803(18a)(b), and he contends that his aggregate sentence of nearly 269 years' imprisonment is unconstitutional. We write to address defendant's argument concerning severance, conclude that defendant did not meet his burden to establish a case-specific theory of substantial prejudice resulting from joinder, and affirm.[1]

The initial joinder of charges in an indictment and the severance of charges so joined are distinct concepts governed by different legal standards and burdens of proof. *State v. Hernandez-Esteban*, 374 Or 300, 313-14, 577 P3d 761 (2025). When the propriety of joinder is challenged, the state bears the burden to show that charges were properly

---

[1] We do not address defendant's remaining assignments of error in detail because they are unpreserved and are clearly foreclosed by our case law. We briefly summarize our conclusions below.

*Hearsay evidence.* In his second through ninth assignments of error, defendant argues that the trial court plainly erred by admitting hearsay statements made by three child declarants under OEC 803(18a)(b), because the witnesses were adults at the time of trial. The trial court did not plainly err because defendant's arguments are foreclosed by case law. We rejected defendant's interpretation of OEC 803(18a)(b) in *State v. Juarez-Hernandez*, 316 Or App 741, 503 P3d 487, *rev den*, 369 Or 856 (2022), and after defendant filed his opening brief, so did the Oregon Supreme Court in *State v. Akins*, 373 Or 476, 568 P3d 174 (2025). Those cases establish that the application of OEC 803(18a)(b) does not hinge on whether the declarant is a child at the time of trial; rather, the age requirement is satisfied if that person was a child at the time that the person made the hearsay statements.

*Aggregate sentence.* In his final assignment of error, defendant argues that his 3,225-month sentence—nearly 269 years—is constitutionally disproportionate under Article I, section 16, of the Oregon Constitution, and the Eighth Amendment to the United States Constitution. We agree with the state that defendant did not preserve this claim and, thus, do not address the merits. We also note that the constitutionality of an aggregate sentence—even an aggregate 3,225-month sentence—is not cognizable under Article I, section 16. *State v. Parker*, 259 Or App 547, 549-50, 314 P3d 980 (2013), *rev den*, 355 Or 380 (2014).

joined under the standards articulated in ORS 132.560 (1)(b)[2]; if it does not meet its burden, the charges must be severed because they were never properly joined. *Hernandez-Esteban*, 374 Or at 313-14. By contrast, a defendant's motion to sever presumes that the charges were properly joined but asks that they be severed to protect the defendant's interest in a fair trial. *Id.* at 314. The defendant, then, bears the burden to show that they are "substantially prejudiced by a joinder of offenses," ORS 132.560(3); that is, they must demonstrate "the kind of potential injury or harm that threatens the defendant's interest in a fair trial." *State v. Delaney*, 370 Or 554, 566, 522 P3d 855 (2022). Once that threshold showing is made, the trial court may sever the charges for separate trials or "provide whatever other relief justice requires." ORS 132.560(3); *see Hernandez-Esteban*, 374 Or at 324-25 ("[W]hen case-specific substantial prejudice has been established, justice requires some relief. It is not within the permissible bounds of discretion for a trial court to do nothing.").

Defendant argues that the charges in the indictment—which were properly joined—should have been severed for separate trials, one for each of the seven victims, because he was substantially prejudiced by the joinder of charges against multiple victims in one trial. Whether a defendant has shown substantial prejudice resulting from joinder is a question of law, *Hernandez-Esteban*, 374 Or at 314, which we review without deference to the trial court, *Delaney*, 370 Or at 556. We take the facts from the record before the trial court at the time of its ruling on the motion to sever. *Hernandez-Esteban*, 374 Or at 303.

At issue here is whether defendant articulated a theory of substantial prejudice resulting from the joinder of

---

[2] The presumption in Oregon "is that charges will be tried separately, unless a specific exception applies that would permit joinder." *Hernandez-Esteban*, 374 Or at 313. Those exceptions are contained in ORS 132.560(1)(b):

"Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A) Of the same or similar character;

"(B) Based on the same act or transaction; or

"(C) Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

multiple charges that threatens his interest in a fair trial, thus triggering the trial court's obligation to provide relief. *See id.* at 324-25; ORS 132.560(3). To meet that burden, a defendant is required to articulate a case-specific theory of substantial prejudice. *Hernandez-Esteban*, 374 Or at 315. Because the joinder of multiple charges always carries an inherent risk of prejudice, identifying general concerns about those inherent risks "*standing alone*, will be insufficient to show substantial prejudice that could affect the fairness of the trial." *Id.* at 316 (emphasis in original). Rather, a defendant may show substantial prejudice—a potential harm that threatens his interest in a fair trial—by articulating those general concerns "within the grounding framework of the specific facts of the case and the evidence at hand." *Id.* That case-specific theory of substantial prejudice must be "fairly presented by the record before the trial court at the time of the motion to sever." *Id.*

With those principles in mind, we turn to the evidence and arguments that were before the trial court at the time it ruled on defendant's motion to sever. The indictment contained 31 charges against defendant alleging sexual assaults and sexual abuse of seven children. Defendant filed a written motion to sever the charges for separate trials, one for each victim. In that motion, he referenced a previous motion to exclude other-acts evidence. Neither motion included discussion of any case-specific facts: defendant noted that the discovery included other-acts evidence, but that he "cannot at this time address in any detail" that evidence because the state "has not yet identified the particular alleged conduct it intends to introduce or its theory of admissibility for any such evidence."

Defendant argued in his motion and before the trial court that "the cross-admission of inadmissible other-acts evidence would severely prejudice" him because evidence relating to each victim is inadmissible against the others, and because evidence of uncharged acts is generally inadmissible to show his propensity to engage in sexual abuse. He argued that there was a risk of jury confusion regarding which other acts would be properly considered as to the charged acts relating to each victim, which could not be

adequately remedied with a limiting instruction. Defendant also cited two law review articles in support of the proposition that increasing the number of charges substantially increases the likelihood of conviction. In response, the state offered additional details about the relationships between the victims and the manner in which they ultimately reported the abuse. The state represented that the evidence as to each victim was simple and distinct, and that it was seeking to admit uncharged acts related to each victim to demonstrate defendant's sexual interest in that same victim, and that any prejudice could be adequately addressed with a limiting instruction. In its written response, the state specified the factual basis for each charge, which was, for the most part, based on the first time and last time that the alleged conduct occurred with each victim. The court issued a letter opinion in which it ruled that evidence of uncharged acts of sexual abuse involving each victim was admissible only to prove defendant's sexual interest in that same victim, and summarily denied defendant's motion to sever.[3]

The concerns defendant raised before the trial court were not grounded in any facts or evidence that were specific to his case. For example, defendant did not apply the research he cited to show that increasing the number of joined charges increases the likelihood of conviction to show how that phenomenon would play out in his trial. Defendant's reference to prejudice inherent in the joinder of numerous charges, standing alone, is not a case-specific theory of substantial prejudice. *E.g.*, *State v. Crummett*, 274 Or App 618, 622-23, 361 P3d 644 (2015), *rev den*, 359 Or 525 (2016) (holding that conclusory allegations about the type of prejudice that might result from the joinder of 42 charges of sex offenses against six victims over the course of five years were legally insufficient to establish substantial prejudice).

---

[3] Defendant also argues, in the alternative, that the court committed an analytical error by applying the incorrect legal standard in its ruling when it denied his severance motion on the ground that the charges were properly joined. As discussed above, the legal standards for joinder and severance are distinct. Defendant did not preserve this argument—he did not object to the trial court's ruling or otherwise address the correct standard at the time of its ruling—and the purposes of preservation have not otherwise been served. *See State v. Vanornum*, 354 Or 614, 632, 317 P3d 889 (2013) (noting that the preservation rule "ensure[s] that trial courts have an opportunity to understand and correct their own possible errors").

Defendant's arguments about the evidentiary impacts of joinder suffer from the same flaw. Before the trial court, defendant focused on the fact that the evidence was not cross-admissible and argued that the jury could "potentially misunderstand and be confused by prior acts which are not properly considered relative to a particular child," in a manner that could not be remedied by an instruction. He did not otherwise make any fact-based arguments in support of severing the charges. At the time of the hearing. defendant had received discovery related to the uncharged offenses and the state's elections of the factual bases for the charged offenses, but did not identify, before the trial court, how the jury's exposure to the facts of uncharged offenses concerning one victim would have a substantially prejudicial impact on the jury's consideration of the state's evidence on charges related to another victim.

On appeal, defendant makes a more developed effort to show how, based on the facts of this case, joinder of these charges for a single trial would lead the jury to "confuse or cumulate the evidence." *Delaney*, 370 Or at 574-75 (setting out examples of theories of substantial prejudice). He points to the following factors: the large number of "indistinct allegations" related to multiple, closely related children; the variable strength of each witness's testimony due to their different ages—ranging from 11 to 25 at the time of trial—and the varying recency of the events; and that the jury would hear of continuing patterns of abuse over long periods of time, rather than particularized accounts of discrete events. But that was not before the trial court at the time of its ruling. Defendant did not present or develop similar arguments before the trial court, nor did he articulate "how and why" the complexity of the anticipated evidence would generate a risk of jury confusion at his trial. *See Hernandez-Esteban*, 374 Or at 324. Given only general assertions, the trial court was in no position to assess the risk of prejudicial jury confusion in defendant's trial. *See Crummett*, 274 Or App at 622-23.

We find it instructive to contrast the manner in which defendant showed the likelihood of substantial case-specific prejudice here with what occurred in *Hernandez-Esteban*. In that case, the defendant faced 10 charges relating

to one victim, resulting from a pattern of sexual assault and abuse, and two charges relating to another victim, alleging one incident of sexual touching. 374 Or at 320-21. The defendant pointed to significant differences in the charges related to each victim and to the differences in the strength of the victims' anticipated testimony to ground his theories of substantial prejudice in the facts of his case. Specifically, given the anticipated evidence and the cognitive limitations in jury decision-making, the jury was likely to cumulate the evidence by improperly relying on propensity reasoning and using evidence of a course of conduct concerning one victim to fill in evidentiary gaps regarding the second victim, "against whom the state alleged less severe conduct supported by thinner evidence." *Id.* at 324. Thus, the defendant connected the risks of the cumulation of evidence and jury confusion to the relative strength of the state's evidence for the charged conduct with respect to the two victims, and "clearly articulated how and why the jury would likely base its decision on either emotion or impermissible inferences" to such a degree that it threatened his right to a fair trial. *Id.* Here, by contrast, defendant did not articulate the evidentiary impact that evidence relating to one victim would have on the jury's consideration of evidence concerning another in a manner that was grounded in the facts of his particular case. Because defendant did not make a threshold showing of case-specific substantial prejudice, the trial court did not err when it denied defendant's motion to sever the charges.[4]

Affirmed.

---

[4] We come to the same conclusion in *State v. Miller*, 345 Or App 617, ___ P3d ___ (2025), also issuing today.