136 April 29, 2026 No. 345

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY JOHN HOARD,
*Defendant-Appellant.*

Lane County Circuit Court
20CR11327; A181421

R. Curtis Conover, Judge. (April 25, 2023 Judgment)

Michelle P. Bassi, Judge. (December 20, 2023 and January 30, 2024 Judgments)

Submitted on May 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for two counts of first-degree sexual abuse committed against K, the child of a family friend.[1] He raises three assignments of error. For the reasons that follow, we affirm.

In his first assignment of error, defendant challenges the trial court's denial of his motion to dismiss due to preindictment delay. In 2010, the state investigated K's claims that defendant had sexually abused her between 2007 and 2010. At that time, K was unable or unwilling to testify, and the state declined to prosecute the case based on insufficient evidence. Approximately 10 years later, when a second, unrelated child, I, made similar allegations against defendant, the state reopened the case involving K, who was then an adult and willing to testify. A grand jury indicted defendant for sexual abuse of both victims. The trial court severed the counts involving I for a separate trial. On appeal, defendant argues that, with respect to the charges involving K, the preindictment delay violated his due process rights.

"We review a trial court's denial of a motion to dismiss based on a preindictment delay for errors of law." *State v. Benson*, 370 Or 58, 65, 514 P3d 491 (2022). We are bound by the trial court's express and implicit factual findings so long as they are supported by evidence in the record. *Id.* To establish a due process violation based on preindictment delay, "a defendant must show that the delay actually prejudiced the defendant and that the government culpably caused the delay"—and the trial court must then determine that "the prejudice to [the] defendant outweighs the state's reason for the delay." *State v. Whitlow*, 262 Or App 329, 338-39, 326 P3d 607 (2014).

In this case, defendant argues that he suffered actual prejudice because the delay allowed the state to bolster K's allegations with the second victim I's allegations

---

[1] Defendant was charged by indictment with six counts of first-degree sexual abuse. The trial court severed Counts 3-6, which involved an unrelated second victim, I, for a separate trial. Defendant later pleaded guilty to Count 3 and Counts 4-6 were then dismissed, which was reflected in an amended judgment. Defendant's assignments of error do not implicate the amended judgment.

before the grand jury.[2] He also argues that the state was culpable for the delay because it did not work to advance the prosecution during the years between the initial investigation and the indictment. We disagree.

First, defendant has not persuaded us that he suffered actual prejudice that was not adequately addressed by the trial court severing the charges involving I for a separate trial. *See, e.g.*, *State v. Crummett*, 274 Or App 618, 622, 361 P3d 644 (2015), *rev den*, 359 Or 525 (2016) (rejecting the defendant's argument that a court should presume prejudice simply from the number of different victims). Second, the state declined to prosecute the case in 2010—not due to negligence—but because K was unwilling to testify at the time. The state reopened the case due to defendant's alleged conduct, years later, against I. The preindictment delay here was not "the product of inattention or indifference in undertaking and pursuing investigation." *Whitlow*, 262 Or App at 339. Thus, even if defendant suffered some minimal prejudice before the grand jury, because it heard allegations from two victims rather than just one, it was not outweighed by the state's reason for the delay. Under the circumstances, the trial court did not err in denying defendant's motion to dismiss for preindictment delay.

Defendant's second assignment of error challenges the prosecutor's argument in closing that K's disclosure fit the "typical trajectory" outlined in the expert witness's testimony explaining the phenomenon of delayed disclosure of child sexual abuse. His third assignment argues that the trial court plainly erred in admitting that testimony because defendant did not challenge the victim's credibility based on the delay. Those arguments are foreclosed by the Supreme Court's decision, issued after briefing in this case, in *State v. Akins*, 373 Or 476, 488-90, 568 P3d 174 (2025) (expert testimony explaining that delayed reporting

---

[2] On appeal, defendant raises for the first time an argument that he was also prejudiced by the delay due to lost evidence. That argument is not preserved and does not meet the standard for plain error. *See State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (to establish plain error, a defendant must demonstrate, among other things, that the error was "obvious and not reasonably in dispute"). It is not obvious, but rather merely speculative, whether defendant suffered prejudice due to lost evidence. Because defendant's lost-evidence argument does not meet the standard for plain error, we do not consider it further.

is common in victims of child sexual abuse is "not cate-gorically inadmissible as vouching evidence" even where a defendant does not challenge the victim's credibility based on the delay). Accordingly, we conclude that the trial court did not plainly err in permitting the expert witness's tes-timony about delayed disclosure. We further conclude that even if defendant preserved his claim of error regarding the prosecutor's closing statement, that statement, based on the expert witness's testimony, was not impermissible vouching.

Affirmed.